## Michael Giles, Plff. in Err., *v.* Ellen Cavanaugh et al.

No other affidavit of defense is necessary in an action of trespass carried up by appeal from a judgment of a register to the common pleas, than that required to secure the appeal.

(Decided May 10, 1886.)

Error to the Common Pleas of Erie County to review a judgment striking off a judgment entered for want of a sufficient affidavit of defense in an action of trespass. Affirmed.

Michael Giles, the plaintiff in error, in the early part of 1884, was the tenant of Ellen Cavanaugh, one of the defendants in error. Said Giles becoming in arrears for rent, Ellen Cavanaugh issued her landlord's warrant and placed it in the hands of Frank Healy, a constable of the city of Erie, who levied upon the goods and effects, household furniture, and a chest of tools belonging to said Giles and situate upon the demised premises, and sold the same without the appraisement required by law, and without waiver of such appraisement. For this wrong said Giles brought suit in *trespass vi et armis* before Selden Marvin, city recorder of the city of Erie, against said Ellen Cavanaugh and Frank Healy.

After hearing, both parties being present, the said recorder

awarded judgment against the defendants for $105.50. From this judgment Ellen Cavanaugh appealed, and filed with the said recorder an affidavit saying she was not guilty of the trespass charged.

The transcript of appeal, together with the affidavit, was filed in the court of common pleas of Erie county.

Michael Giles then by attorney moved the court for judgment for want of sufficient affidavit of defense.

After argument the court filed an opinion making the rule absolute.

The defendants then had an amended affidavit of defense prepared and moved the court to strike off the judgment and allow them to file the amended affidavit of defense. After argument on this motion, the court filed an opinion refusing the motion of the defendants. The claim of plaintiff was then reliquidated and execution issued.

The defendants then moved the court for a rehearing on their motion to strike off the judgment, etc., and to stay proceedings in the meantime. The court allowed their motion. After argument the court made the rule absolute and struck off the judgment, and allowed the amended affidavit of defense to stand.

An exception was taken to this ruling of the court below and a writ of error taken to review it.

*A. J. Foster,* for plaintiff in error.—By the 9th section of the act of assembly creating city recorders, approved March 24, 1877 (P. L. 47), it is provided:

"That no appeal shall be entered by the defendant on any judgment, unless said defendant, his agent or attorney, shall pay all costs up to the time of taking such appeal, and shall file with the said recorder an affidavit setting forth the nature and character of his defense to said action, and that said appeal is not entered for the purpose of delay; which affidavit shall be filed with the transcript of said appeal in said court of common pleas, and said court of common pleas may grant judgment for want of sufficient affidavit of defense, in like manner and with like effect as in suits brought in said court." See Act May 1, 1879 (P. L. 40, § 1).

No such affidavit of defense was filed with the city recorder of the city of Erie.

Facts must be stated from which legal inferences can be drawn, and the inferences or conclusions of law, although sworn to, will not constitute a defense. Stitt v. Garrett, 3 Whart. 281.

An affidavit of defense should aver distinctly every fact necessary to make out a defense. Peck v. Jones, 70 Pa. 83.

*J. Ross Thompson,* for defendants in error.—The words of the act of 1887, § 9, limit the right to judgment for want of sufficient affidavit to like cases original in said court, to wit: actions *ex contractu,* and not *ex delicto.*

PER CURIAM:

The action in this case was trespass; its nature was not altered by an appeal from the judgment of the register. No other affidavit was necessary than that required to secure the appeal.

It follows that the court of common pleas did right in striking off the judgment entered against the defendants for want of an affidavit of defense.

The judgment is affirmed.