# Pittsburgh, Ft. Wayne & Chicago Ry. *v.* Peet, Appellant.

[Marked to be reported.]

*Railroads—Eminent domain—Nature of estate.*

The estate acquired by a railroad company in condemnation proceedings is more than a mere easement or right of way; it is a right to exclusive possession, to fence in, to build over the whole surface, to raise and maintain any appropriate superstructure, including necessary foundations, and to deal with it within the limits of railroad uses as absolutely and as uncontrolled as an owner in fee.

*Ejectment—Adverse possession—Evidence.*

In an action of ejectment, title cannot be established by adverse possession where the proof consists merely of detached occupations of the property by different people, none of whom held under the paper title under which the property was claimed; and the evidence did not show that any of the people in possession were tenants of those holding the paper title, and there was no attempt made to connect one with the other, or to show that they were contiguous in point of time.

*Quantity of land required by railroad.*

When a railroad company condemns land, it is of necessity the judge of how much is required for its use, and this question should not be submitted to a jury in a subsequent action of ejectment against the railroad company.

*Land for future use.*

A railroad company has a right in condemning land to regard and make provisions for its future as well as its present needs, and nonuser of a portion of the land for certain purposes cannot be held to be an abandonment.

Argued Oct. 28, 1892. Appeal, No. 91, Oct. T., 1892, by defendants, Ella K. Peet et al., from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1890, No. 976, on verdict for plaintiffs. Before Paxson, C. J., Sterrett, Green, Williams, McCollum, Mitchell and Heydrick, JJ.

Ejectment for a lot of ground on the south side of Robinson street in the city of Allegheny.

At the trial, before Stowe, P. J., plaintiff claimed title to the land in controversy by virtue of condemnation proceedings in 1855. Part of the land condemned was used by the railroad company for its tracks and abutments; but the lot in suit was not in actual occupation of the company. At the time of the condemnation proceedings, the assistant engineer of the railroad company which condemned the land testified that the property was not to be used for sidings or depot purposes, but it was intended eventually to be used to build protection walls upon it on either side and fill them in. Defendants averred that they bought the land without any actual notice that the railroad company claimed it, and they were about to build a warehouse upon it when this action was brought.

Defendants' points were among others as follows:

" 2. That, there being no evidence in the case of any necessity for the use of the property in question or of any interference by its present use with the operation of the railroad company, the railroad company cannot recover in an action·of ejectment." Refused. [1]

" 3. That the record of the condemnation proceedings is no notice to any purchaser beyond the actual occupation; and, again, that there being no evidence in this case of any notice to the defendants of any right or claim of the railroad company beyond the statutory limits, there can therefore be no recovery in this case." Refused. [2]

4. Request for binding instructions for defendant. Refused. [3]

The court gave binding instructions for plaintiffs. [4]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*J. S. Ferguson, E. G. Ferguson* with him, for appellant.— Under the condemnation proceedings the railroad company did

not acquire a fee in the ground, but only an easement, and of course the owner of the land is entitled to make use of it in any way that does not interfere with the company's easement. Ejectment will not lie for a mere right of way : Northern Turnpike Co. v. Smith, 15 Barb. 355 ; Judd v. Leonard, 1 Chip. (Vt.) 204 ; Lessee of Black v. Hepburn, 2 Yeates, 331 ; Thorn v. Wilson, 110 Ind. 325.

There was evidence from which the jury might fairly have found that the plaintiffs and those under whom they claimed had abandoned any rights to the land in suit which might have arisen by reason of the condemnation proceedings. An owner of a right of way or other easement may, without deed, abandon his right so as to relieve the servient estate of incumbrance : King v. Murphy, 140 Mass. 254 ; Jamaica Pond Acq. Corp. v. Chandler, 121 Mass. 3 ; Canny v. Andrews, 123 Mass. 155 ; Lattimer v. Livermore, 72 N. Y. 174 ; Curran v. Louisville, 83 Ky. 628. Mere nonuser for twenty years is sufficient to raise the presumption of abandonment : Corning v. Gould, 16 Wend. 531 ; Henderson v. Cent. Pass. Ry. Co., 21 Fed. R. 358.

Title by adverse possession may be acquired against a railroad company unless prohibited by statute : Littlefield v. Boston R. R., 5 N. Eng. 833 ; Denny v. Williams, 5 Allen, 4 ; Reed v. Deerfield, 8 Allen, 522 ; Forsyth v. Hooper, 11 Allen, 419. The Pennsylvania authorities sustain the same principle : Erb v. Brown, 69 Pa. 216 ; Lindeman v. Lindsey, 69 Pa. 100 ; Bombaugh v. Miller, 82 Pa. 209 ; Spackman v. Steidel, 88 Pa. 453.

In any event defendants had no notice of plaintiffs' claim. There was nothing in the possession to put them upon notice of any right greater than plaintiffs were permitted to acquire by statute.

*George B. Gordon, William Scott* with him, for appellee.— It is always a question of law for the court as to whether the evidence, if believed, is sufficient to make out a title by adverse possession : Union Canal Co. v. Young, 1 Wharton, 410. The testimony offered by defendant failed to show an open, notorious, exclusive, hostile and continuous occupation of the property by defendant or those under whom they claimed for twenty-one years, as the law required : Olewine v. Messmore, 128 Pa. 470 ; Long v. Mast, 11 Pa. 189 ; Mercer v. Watson, 1

Watts, 330.   Unconnected possession of independent trespasser will not make title : Frick v. O'Farrell, 1 Phila. 18 ; Schrack v. Zubler, 34 Pa. 38.

Ejectment will lie for any corporeal hereditament: 2 T. & H. Pr. § 1835; Adams, Ejectment, p. 18; Tyler, Ejectment, p. 37.   To cite extreme cases, it will lie for : A common appendant or appurtenant: Newman v. Holdmyfast, 1 Str. 54 ; Adams, Ejectment, p. 19 ; Tyler, Ejectment, p. 42.   A fishery : Adams, Ejectment, 20 ; Tyler, Ejectment, 43.   Pro prima tonsura—the first crop of grass each year : Adams, Ejectment, 21 ; Tyler, Ejectment, 39.   Pasture of sheep : Adams, Ejectment, 22.   Boilery of salt, although the grantee is only entitled to a certain number of buckets : Adams, Ejectment, 19.

It will lie for a coal mine—the right to mine : Adams, Ejectment, 20 ; Turner v. Reynolds, 23 Pa. 199.   Ejectment will lie in Pennsylvania, even for an incorporeal hereditament, e. g., the right to use machinery attached to the soil : Hill v. Hill, 43 Pa. 198.   So also to enforce the right to bore for oil, although by the terms of the grant an incorporeal right : Karns v. Tanner, 66 Pa. 297.

The estate which a railroad company in Pennsylvania takes in ground acquired by it under its power of eminent domain has lately been authoritatively declared by this court to be not an easement but a base fee : Pennsylvania Schuylkill Valley R. R. v. Reading Paper Mills, 30 W. N. 148; Pbg. & L. E. Ry. v. Bruce, 102 Pa. 23 ; Jessup v. Loucks, 55 Pa. 350; 1 Wood, Railways, 707 ; P. & R. R. R. v. Hummell, 44 Pa. 375 ; North Penn. R. R. v. Rehman, 49 Pa. 101 ; Junction R. R. v. Phila., 88 Pa. 424.

Title cannot be acquired by adverse user against a public highway : Boyle v. P. & R. R. R., 54 Pa. 312 ; Com. v. McNaughter, 131 Pa. 55 ; Stevenson's Ap., 17 W. N. 429; Kopf v. Utter, 101 Pa. 27 ; Northern Cent. R. R. v. Com., 90 Pa. 300 ; Susquehanna Canal Co. v. Bonham, 9 W. & S. 27 ; Ammant v. New Alexandria & Pittsburgh Transportation Co., 13 S. & R. 210 ; Freeport Borough's Ap., 138 Pa. 91; Sapp v. Northern Central R. R., 51 Maryland, 115 ; Kelly v. P. & R. R. R., 5 Montgomery Co. R. 29 ; Pa. R. R. v. Gray, C. P. Westmoreland Co., 2 Ry. World, 399.

The company had a right when it condemned the property

to regard and make provision for its future as well as its present needs : Pittsburgh Junction Ry. Co.'s Ap., 122 Pa. 530 ; L. S. & M. S. Ry. v. N. Y. C. & St. L. Ry., 8 Fed. R. 858 ; 2 Wood, Railways, § 243, p. 782, note ; Shepley v. Lytle, 6 Watts, 500 ; Wolford v. Morganthal, 91 Pa. 30.

Nonuser, for no matter how long, is not an abandonment : Washburn, Easements, § 551 ; Barlow v. C., R. I. & P. Ry., 29 Iowa, 276 ; Nitzell v. Paschall, 3 Rawle, 76 ; Bonbaugh v. Miller, 82 Pa. 203 ; Henderson v. Cent. Pass. Ry., 21 Fed. R. 358.

All appropriation proceedings conducted under the power of eminent domain are constructive notice to subsequent purchasers : Ake v. Mason, 101 Pa. 21 ; Bailey v. Miltenberger, 31 Pa. 37 ; Schall v. Williams Valley Ry., 35 Pa. 191.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 :

This was an action of ejectment in the court below. The plaintiffs showed title to the locus in quo by certain deeds, and by proceedings to condemn it for railroad purposes. The defendants contended that if the plaintiffs did actually condemn the strip of ground in question, they could not recover in ejectment for the reason that it did not acquire a fee in the ground, but only an easement, and that ejectment will not lie for a mere right of way.

The vice of this argument consists in treating the plaintiffs' right as a mere easement or right of way. It is a great deal more than a right of way. It has the actual possession of the property, and that possession is exclusive, at all times and for all purposes, except where a way crosses it. Philadelphia & Reading Railway Company v. Hummel, 44 Pa. 375 ; Junction Railroad Company v. The City of Philadelphia, 88 Pa. 424. The estate acquired by a railroad company by a condemnation of land is often spoken of as an easement, but the term is used in a loose way for the purpose of distinguishing it from a fee. In the recent case of Pennsylvania Schuylkill Valley Railroad Company v. Reading Paper Mills, 30 W. N. C. 148, it was said by our Brother MITCHELL: "Such title is sometimes called an easement, but it is a right to exclusive possession, to fence in, to build over the whole surface, to raise and maintain any appropriate superstructure, including necessary foundations,

and to deal with it within the limits of railroad uses as absolutely and as uncontrolled as an owner in fee. There was no such easement at common law, and it may well be doubted if it is not a misnomer to extend to this newly invented interest in land the name of easement, perhaps appropriate enough to the railroad's ordinary right of way for its tracks. It would seem to be rather a fee in the surface and so much beneath as may be necessary for support, though a base or conditional fee, terminable on the cesser of the use for railroad purposes. But, whatever it may be called, it is, in substance, an interest in the land special and exclusive in its nature, and which may be the subject of special injury by the obstruction of access to the abutting street, and, therefore, within the rule which governs the application of equitable relief. The right of exclusive possession includes the right of ingress and egress from the street, and, in this respect, the injury is exactly the same as to a tenant for life or for years, whose right to relief would be unquestionable, and is entirely different from the general right of the public to pass along the street."

The appellants contend, however, that there was evidence from which the jury might have found that they had acquired title to the property in dispute by adverse possession.

Without discussing the evidence in detail it is sufficient to say that it fell short of making out a case upon this point for submission to the jury. The proof consisted of detached occupations of portions of the property by different people. None of the parties in possession held under the paper title, under which the appellants claimed. The evidence did not show that any of the people in possession were tenants of those holding the paper title, nor was any attempt made to connect the one with the other, or to show they were contiguous in point of time. At most, the evidence amounted merely to a series of independent trespasses. In view of the evidence upon this point, we need not discuss the question, how far the title to railroad property may be acquired by adverse possession.

By the appellants' second point the court below was asked to instruct the jury as follows: " That there being no evidence in the case of any necessity for the use of the property in question, or of any interference by its present use with the operations of the railroad company, the railroad company cannot

recover in an action of ejectment." This point was properly refused.

When a railroad company condemns land it is of necessity the judge of how much is required for its use. If this question were submitted to a jury in every case the right of eminent domain would be of little practical value. The company had a right, when it condemned the property, to regard and make provision for its future, as well as its present needs. This is settled law. It is sufficient to refer to Pittsburgh Junction Railway Company's Appeal, 122 Pa. 530. If it condemns for future use land which it does not need at the time, the nonuser of a portion for present purposes cannot be held to be an abandonment.

We are of opinion that under the evidence in the case the court below was justified in directing a verdict in favor of the plaintiffs.

Judgment affirmed.