THE KANSAS & COLORADO PACIFIC RAILWAY COM-
PANY v. E. O. BURNS *et al.*

No. 13,884.   (79 Pac. 238.)

SYLLABUS BY THE COURT.

RAILWAYS—*Right of Way—Right of Possession.*   One not the
owner of the fee, and not claiming under such owner, who with-
out right enters upon a railroad right of way, or depot grounds,
or lands held by a railroad company for terminal facilities, can-
not justify such possession by showing that his occupancy does
not interfere with the actual operation of the road by the com-
pany.

Error from Reno district court; MATTHEW P. SIMP-
SON, judge.   Opinion filed January 7, 1905.   Re-
versed.

*C. E. Benton, J. H. Richards,* and *Prigg & Williams,*
for plaintiff in error.

*George A. Vandeveer,* and *Frank L. Martin,* for de-
fendants in error.

The opinion of the court was delivered by

GREENE, J.: This was an action in ejectment from
certain lots in the city of Hutchinson.   The plaintiff
relied for a recovery upon a condemnation proceeding
in 1886 by the Wichita & Colorado Railway Company,
in which the lots in question, and other lands, were
condemned for a right of way, depot grounds, and
terminal facilities.   Plaintiff succeeded to all the rights
of the Wichita & Colorado Railway Company.   The
defendants claimed title and right of possession under
a tax deed, regular on its face, and the erection of
lasting and valuable improvements.   Defendants also
contended that the company was not actually using
the lots for railroad purposes, and that their occu-

pancy did not interfere with the company's use of such of its property as was in actual use by it.

It was admitted that the right of way of plaintiff through the city of Hutchinson had been duly and regularly assessed by the board of railroad assessors of the state of Kansas for the year 1886, and for each and every year thereafter, and that the taxes so assessed for 1886, and for each subsequent year, had been paid by the company.

It was also admitted that the condemnation proceeding by the Wichita & Colorado Railway Company was regular, and that the plaintiff had regularly succeeded to all the rights of such company.

In view of these admissions the sale made by the county in 1896 for the taxes of 1895 was unauthorized and conveyed no title to the purchaser. Possession under a tax deed so acquired cannot be made a defense to an action in ejectment. It appears from the record that the court in rendering judgment adopted defendant's theory that they might remain in the actual possession of the lots in question, or any portion thereof, so long as they did not actually interfere with the operation of the railroad by the company. This is apparent from the judgment, in which we find the following recital:

"The court having heard all the evidence in the case, and being fully advised therein, doth find that there is involved in this controversy a sum over and above the sum of $100 (one hundred dollars). The court also finds that the occupancy of the defendants of the real estate in question does not interfere with the possession of the plaintiff. The court also finds for the defendants."

At the time the condemnation proceeding took place, one Miller was the owner of the fee in this property, and, so far as the record shows, he is still the owner.

Railway Co. v. Burns.

The defendants do not claim through him ; indeed, except for their tax deed, they had no claim of title except that which arises by implication of law from possession.   As between a railroad company and one not the owner of the fee, and not claiming under such fee-owner, a railroad company is entitled to the exclusive possession of all property condemned to its use for railroad purposes.   The right acquired by a railroad company by condemnation proceeding for right of way, depot grounds and terminal facilities dominates every right of possession, except as to the owner of the fee, and he may use only that portion which is not in immediate use by the company, and not necessary to the safe and convenient use of that which is in actual service.   (*Dillon v. Railroad Co.*, 67 Kan. 687, 74 Pac. 251, and cases cited ; *Railway Co. v. Spau'd-ing*, 69 id. 431, 77 Pac. 106, and cases cited.)   The whole estate and right of possession were in the fee-owner and the railroad company.   The defendants claimed under neither ; therefore, their possession was wrongful.

For the reasons suggested the judgment of the court below is reversed, and the cause remanded.

JOHNSTON, C. J., WILLIAM R. SMITH, CUNNINGHAM, BURCH, MASON, JJ., concurring.

CLARK A. SMITH, J. (dissenting) :   This must be construed as an action in the nature of ejectment, brought under section 595 of the code (Gen. Stat. 1901, § 5082), although the allegation of the plaintiff's amended petition is "that plaintiff is the owner of, and entitled to, the possession" of the real estate therein described, instead of that plaintiff "has a legal or equitable estate therein and is entitled to the possession thereof," as prescribed by the code.   The

defendants filed a general denial to this amended petition, as authorized by section 596 of the code (Gen. Stat. 1901, § 5083).

At the trial the plaintiff, to sustain the issues on its part, proved, we will assume, that another railroad company had duly and legally condemned the land in question, with other lands, for a right of way, depot grounds, and terminal facilities, and that the plaintiff had legally succeeded to all the rights of such other company. Also, the plaintiff proved that the defendants had built, or had moved, a dwelling-house upon the land in question, and were occupying the same as a residence. Thereupon it rested its case. The defendants demurred to the evidence on the ground that the same was insufficient to sustain the allegations of the plaintiff's petition, which was overruled, and the defendants excepted. We cannot review this ruling because the court finally rendered judgment for the defendants and they are not here complaining. Surely, however, if this demurrer ought to have been sustained, and if the evidence thereafter introduced did not cure the want of evidence on the part of plaintiff, and it is not contended that it did, then the final judgment should have been, as it was, for the defendants, and the plaintiff has no cause of complaint. The plaintiff cannot be heard to say that, although judgment ought to have been rendered for the defendants, the court erred as to the ground upon which it based its judgment and hence the judgment ought to be reversed.

Suppose it was shown by plaintiff that condemnation proceedings were had more than fifteen years before the commencement of this action, and there was proof by the defendants that the land had never in any way been used by plaintiff or its predecessor,

Railway Co. v. Burns.

and, from its situation with relation to plaintiff's road-bed, depot, and other terminal facilities, was never likely to be used, and that all other evidence of the defendants was irrelevant, and that the fact found by the court, that the occupancy by the defendants of the real estate in question did not interfere with the possession of the plaintiff; still, does this entitle the plaintiff to recover ?  If not, since an issue was joined and tried, the defendants were entitled to judgment in their favor.   The plaintiff must recover, if at all, upon the strength of its own title, and not upon the weakness of the defendants' title, it being alleged and conceded that the defendants were in the actual possession of the real estate.   (*O'Brien v. Bugbee*, 46 Kan. 1, 46 Pac. 428 ; *Mitchell v. Lines*, 36 id. 378, 13 Pac. 593 ; *Beckman v. Richardson*, 28 id. 648.)   Before the plaintiff was entitled to recover it must have shown that it had a legal or equitable estate in the land and had the right of possesion.   (*Hurd v. Comm'rs of Harvey Co.*, 40 Kan. 92, 19 Pac. 325.)   Is the right acquired by a railroad company, by condemnation proceeding, to a right of way over land either a legal or equitable estate in the land, in the sense that these words are used in section 595 of the code ?   Does the right so acquired vest in the railroad company the right to the possession of the land itself ?   I think both these questions must be answered in the negative, but if either is to be so answered the plaintiff failed to sustain the cause of action alleged, and judgment should have been, as it was, for the defendants.

The right of way acquired by railroad companies by condemnation proceedings has been so frequently and uniformly decided by this court to be simply an easement, and has been so uniformly designated by law-writers and by the courts of other jurisdictions,

as to render the citation of authorities unnecessary. The right is simply an easement. "An easement is an incorporeal hereditament." (Bouvier.) "All easements are incorporeal; mere rights invisible and intangible." (10 A. & E. Encycl. of L., 2d ed., 399 [note 5].) An easement is not any corporeal interest in the land or right to the land; a right of way gives no right to the soil, but merely a full right of passage.

The owner of an easement, in the full enjoyment thereof, is not regarded by the courts generally, either of England or of the United States, or by the text-writers, as being in possession of the land upon which the intangible right rests. Moreover, when such owner is deprived of his right he is not referred to as having been dispossessed of the land; the act is referred to as an "interference," "obstruction" or "disturbance" of the easement.

The remedy is on the case for damages for the injury done, or, where this remedy is inadequate by reason of the irreparable, continuous or permanent character of the interference, injunction is a proper remedy. (14 Cyc. 1216 *et seq.;* 10 A. & E. Encycl. of L., 2d ed., 430, and cases cited.) At common law ejectment is maintainable only for a corporeal hereditament and will not lie for anything upon which an entry cannot be made, or of which the sheriff cannot deliver possession. (10 A. & E. Encycl. of L., 2d ed., 472, and cases cited.)

This is also the law in the code states; but in California, while the law as here stated is reaffirmed, it is held that in certain cases a railroad company may maintain ejectment to recover its right of way. In *Southern Pacific Co. v. Burr*, 86 Cal. 279, 24 Pac. 1032, the right of way was acquired by congressional grant,

and ejectment is sustained on the ground that the act granted the land, and not a mere easement over the land. In Pennsylvania, however, an entire departure is made. In *Railway v. Peet, Appellant*, 152 Pa. St. 488, 25 Atl. 612, 19 L. R. A. 467, the railroad company was allowed to maintain ejectment on the broad ground that the right acquired by a railroad company by condemnation proceedings is not a mere easement, but is an interest in the land—a base fee. "It has the actual possession of the property, and that possession is exclusive, at all times and for all purposes, except where a way crosses it."

Much might be said in favor of this view, and, indeed, the purposes to be attained by, and the obligations imposed upon, the railroad companies—in short, the logic of the whole situation—seems to justify an enlargement of the legal construction of their rights. In legal contemplation they should be held to be in possession of the land on which their road-beds, depots and other necessary superstructures rest, of which they are certainly in the actual physical possession. The legal myth of superincumbent easement which barely touches the surface soil but does not reduce such soil to their possession should be swept away, or greatly modified. They should be held to have some legal rights in the land itself into which they are required to insert posts, and upon which they are required to erect fences, depots, and freight-houses, and for which they frequently have to pay the full value of the fee.

Yet, notwithstanding these considerations, if the right acquired over the land in question is but an easement, then, by the almost unanimous decisions of the courts and by the laws as laid down by the text-book writers, the plaintiff below was not entitled

to maintain its action, and the defendants were entitled to judgment in their favor. As this was the judgment, it should be affirmed. If reversed, it should be reversed because the plaintiff established its cause of action on the broad, reasonable ground of *Railway Co. v. Peet, supra,* and not because the defendants attempted an unavailing defense. If the plaintiff failed to show title the defense should not be held unavailing. The defendants proved—in fact, it was admitted—that they had possession of the land in question, and possession is *prima facie* evidence of title ; in fact, it is some title.