**TERMINAL COAL CO. v. UNITED STATES.**

**Civil Action No. 2175.**

District Court, W. D. Pennsylvania.
March 12, 1948.

Edward J. McGinness, of Pittsburgh, Pa., for plaintiff.

James F. Boyer, Sp. Atty., of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is a condemnation case. The amount of land taken was approximately one and one-third acres. The Terminal Coal Company is the plaintiff and the United States is the defendant. The jury returned a verdict for the defendant.

The case is now before us on plaintiff's motion for a new trial. Plaintiff contends that it is entitled to recover from defendant the fair ·market value of the fee in the land taken. This, the defendant denies and contends that plaintiff was entitled to recover only the fair market value of plaintiff's interest on the land at the time of taking, if it had any value.

At the time of the taking, July 23, 1942, a Railroad Company was the owner of the land taken for railroad purposes so long as the land was so used. The plaintiff was the owner subject to the above grant to the Railroad Company.

At the trial the jury was instructed that the measure of damages in this case was the fair market value of plaintiff's interest in said land immediately prior to the taking July 23, 1942, and unaffected thereby.

Plaintiff's motion and the reasons in support thereof raise the question whether the Court's instruction above was correct, or whether the plaintiff was entitled to recover the fair market value of the land taken as the owner in fee thereof. In United States v. Miller, 317 U.S. 369, 375 and 380, 63 S.Ct. 276, 280, 87 L.Ed. 336, 147 A.L.R. 55, the Court, in its opinion, stated that:

"The owner is to receive no more than indemnity for his loss, his award cannot be enhanced by any gain to the taker."

The Court further stated:

"We need not determine what is the local law, for the federal statutes upon which reliance is placed require only that, in condemnation proceedings, a federal court shall adopt the forms and methods of procedure afforded by the law of the State in which the court sits. They do not, and could not, affect questions of substantive right—such as the measure of compensation—grounded upon the Constitution of the United States."

In Western Union Telegraph Co. v. Pennsylvania Railroad Co., 195 U.S. 540, 570, 25 S.Ct. 133, 141, 49 L.Ed. 312, 1 Ann. Cas. 517, the Court, in its opinion, stated:

"And it is held in Pennsylvania 'that a railway company is a purchaser, in consideration of public accommodation and convenience, of the exclusive possession of the ground paid for to the proprietors of it.' Philadelphia & R. R. Co. v. Hummell, 44 Pa. 375, 84 Am.Dec. 457. It is 'a fee in the surface and so much beneath as may be necessary for support. * * * But whatever it may be called, it is, in substance, an interest in the land, special and exclusive in its nature.' Pennsylvania S. Valley R. Co. v. Reading Paper Mills, 149 Pa. 18, 4 A. 205; Philadelphia v. Ward, 174 Pa. 45, 34 A. 458; Pittsburgh, Ft. W. & C. O. R. Co. v. Peet, 152 Pa. 488, 19 L.R.A. 467, 25 A. 612.

"A railroad's right of way has, therefore, the substantiality of the fee, and ѕt is private property even to the public, ѕn all else but an interest and benefit in ѕts uses. It cannot be invaded without guilt of trespass. It cannot be appropriated in whole or in part except upon the payment of compensation. In other words, it is entitled to the protection of the Constitution, and in the precise manner in which protection is given."

In Woodville v. United States, 10 Cir., 152 F.2d 735, 737, 738, the Court, in its opinion, stated:

"We know of no case that has held that the ejectment, so to speak, of a railroad from its right of way by the sovereign under the superior power of eminent domain constitutes an abandonment so as to work a forfeiture of the estate. The authorities contain a great deal of discussion as to the nature of the estate of an easement for railroad right of way purposes. They variously designate such an estate as a qualified, base, or determinable fee. The authorities are not in agreement whether such an estate is determinable upon condition subsequent or whether it is a fee upon conditional limitation. We think that such an estate constitutes a base fee. Oklahoma has held that such an estate is a fee determinable upon condition subsequent. In our opinion it is not necessary to determine whether the estate in question is a fee determinable upon condition subsequent or a fee upon conditional limitation. * * *

"We accordingly conclude that the condemnation of the railroad company's right of way by the government made impossible the continued fulfillment of the condition of the railroad right of way grant. Performance of the condition was therefore excused as being involuntary on the part of the grantee and no forfeiture of the estate resulted."

In Texas v. Harris County, 5 Cir., 158 F.2d 861, 864, the Government condemned certain land in which the Navigation District had full title thereto excepting certain rights retained by the State of Texas. The State contended that the condemnation proceeding caused a reverter to the State and that the State became entitled to receive the entire compensation. The Circuit Court of Appeals in affirming the judgment of the lower court, stated:

"We reject outright the first contention of the State that the condemnation of the land worked an abandonment of the grant to the District and caused a reverter to the State with the result that the State became entitled to receive the compensation awarded for the whole bundle of rights inhering in the ownership of the land and taken in the condemnation. The district did nothing to abandon or forfeit its rights in the property. They continued to be owned by it until they were taken for it in the condemnation proceedings. In the course of those proceedings, there was no interim in time, no interval of space in which the reverter the State envisioned could take place.

138

There is more of metaphysics than of sound common sense in the State's position, that because the taking by the Government was inconsistent with the purposes for which the grant was made to the District, the taking from the District of the rights the State had freely granted to it did not have the effects ordinarily attending a condemnation, (1) of taking from the owner the continued enjoyment of the rights taken, and (2) of obligating the taker to pay the owner their value. To hold, as the State contends, that the taking did not have the normal effect of a condemnation, of acquiring from the District the rights the State had granted it but the abnormal one of extinguishing the District's rights to restore them to the State, and then take from the State the whole bundle of legal rights thus reunited in it, is to split legal hairs with a vengeance."

I conclude that plaintiff was entitled to recover the fair market value of its interest in the land taken at the time of the taking, that the Railroad Company, at the time of the taking, had the right to use said lands for railroad purposes as long as it desired to do so and therefore, that the measure of damages submitted to the jury was correct.

I have examined the Pennsylvania cases cited in plaintiff's brief and conclude that they do not contravene the rule of damages above set forth.

This action came on for hearing on the motion of plaintiff, The Terminal Coal Company, for a new trial, and after hearing and consideration thereof, the motion is refused.