107 So.2d 51 (1958)
FLORIDA STATE TURNPIKE AUTHORITY, State Road Department of Florida, and Dade County, Appellants,
v.
ANHOCO CORPORATION, a Florida corporation, and Theatre Associates, Inc., a Florida corporation, Appellees.
No. 58-344.
District Court of Appeal of Florida. Third District.
November 18, 1958.
Rehearing Denied December 12, 1958.
*52 Gilbert A. Smith, Fort Lauderdale, for Florida State Turnpike Authority.
Richard B. Austin, Jacksonville, for State Road Department of Florida.
Darrey A. Davis, County Atty., Miami Beach, and Thomas C. Britton, Asst. County Atty., Miami, for Dade County.
Walsh, Simmonite, Budd & Walsh, and Garland M. Budd, Miami, for appellees.
HORTON, Judge.
This is an interlocutory appeal from an order entitled "Summary Final Decree in Favor of Plaintiffs Upon Issue of Liability and Mandatory Injunction". This cause originated with a complaint filed by the appellees, Anhoco Corporation and Theatre Associates, Inc., against the Florida State Turnpike Authority, the State Road Department of Florida and Dade County. In substance, the appellees alleged that they were the owners and lessees, respectively, of certain lots abutting on State Road 826 in Dade County, on which they operated twin outdoor drive-in theatres; that the appellants, prior to this suit, had widened the state road into a limited access facility (referred to as the Palmetto Feeder Road) and in so doing, had confiscated certain property owned by the appellees, eliminating their right of direct ingress and egress and resulting in the destruction of their business operation on that site. The appellees prayed for a mandatory injunction restoring to them direct ingress and egress, just compensation for the land alleged appropriated by the appellants, and damages for the unlawful taking. Alternative relief was also prayed, which is not material to this appeal. After answer and certain preliminary pleadings, the court granted a summary decree. This decree, including the findings of the court, is some twenty-four pages long; thus we will discuss only those portions which are challenged by the appellants.
The first question presented is the alleged error of the chancellor in finding that the appellants did not have title to a strip of *53 land approximately 14 feet by 1,320 feet. To more fully understand the area in question, reference is made to the following sketch:

The appellees are the owners of Lots 115, 116, 117, and 118, in Section 9, Township 52 South, Range 41 East. None of the instruments of the predecessors in title appear to be material to this dispute except those of Ellen S. Ragen and the original subdivider, the Florida Southern Securities Company, which recorded the original plat in 1914. In the plat, Lots 115-118 are shown abutting a 20-foot strip which is bounded on the south by the south line of Section 9. This 20-foot strip is shown on the foregoing sketch as the area between lines 4 and 5. This area was designated as a roadway. Reference is made to the plat, which provided:
"The roadways indicated on said plat are hereby perpetually dedicated to the free use of the public, provided however that the Florida Southern Securities Company, the grantor herein, reserves unto itself and its successors and assigns the right to construct along said roadways shown thereon, canals for the drainage and use of said lands."
Another note on the plat stated:
"All lots, unless otherwise marked, are 330' x 660'. Measurements of lots adjoining roads are taken from the center of the roadway."
The dedication along these lots was twenty feet wide, presumably anticipating a 20-foot dedication from the adjoining section which was not a part of the plat.
We turn next to the Ragen deed, the construction of which would appear to be determinative of the first issue raised in this appeal. In 1939, Ellen S. Ragen executed a right-of-way deed to Dade County, which conveyed the title to the south 30 feet of the lots in question (along with certain other land, not material to this action) subject to a reversion in the grantor should the highway be lawfully and permanently discontinued.
The appellants contend that the 30-foot strip of land conveyed by Ragen was in addition to the twenty feet dedicated under the plat, thus providing for a 50-foot strip of land to be used for highway purposes (land between sketch lines 1 and 5). The appellees contend that the thirty feet conveyed by the Ragen deed included the 20-foot strip previously dedicated, thus providing a net gain of ten feet for highway use (land between sketch lines 3 and 5). The chancellor agreed with the appellees' contention, and in this we concur. On appeal, the parties have agreed that a construction of the Ragen deed (to Dade *54 County) would be determinative of the title to the land in dispute.
It is well established that the title of an owner of land abutting on a street or highway extends to the center of the road. Smith v. Horn, 70 Fla. 484, 70 So. 435; Burns v. McDaniel, 104 Fla. 526, 140 So. 314; cf. Servando Building Company v. Zimmerman, Fla. 1956, 91 So.2d 289. Under a common law dedication, the fee does not pass from the grantor as the public acquires only a right of easement in trust, so long as the dedicated land is used for the purposes of the dedication. Robbins v. White, 52 Fla. 613, 42 So. 841; 16 Am.Jur., Dedication, § 56; 4 Tiffany, Real Property, § 1112. The title of the grantor is legal but subject to the right of the public to the beneficial use of the land until such time as the dedication is rejected, surrendered or abandoned. Thus, when Ellen S. Ragen conveyed the south thirty feet of her property, she included therein not only the fee title to the twenty feet previously dedicated by plat but an additional ten feet in fee subject to the reversion contained in the deed. This conveyance was not inconsistent with the purposes of the dedication contained in the plat. For the purposes of this conveyance, the plat referred to becomes a part of the deed as though it were copied into the deed in full. Andreu v. Watkins, 26 Fla. 390, 7 So. 876, 880; Connelly v. Smith, Fla.App. 1957, 97 So.2d 865, 869.
The appellants have urged the application of the rule in the California case of Earl v. Dutour, 181 Cal. 58, 183 P. 438, as determinative of this point. Admittedly, the facts in that case are closely analogous with those in the case at bar; however, we feel the Earl case is distinguished by the fact that the grantee of the land in question was a private individual who could make no beneficial use of the land under the public easement. In such cases, the presumption of a useable grant (i.e., a presumption that the grantor intended to convey a parcel of land to which the grantee could make full use subject to no limitation) is valid as it is doubtful that a grantee would bargain for a fee which offered no beneficial use but only a contingent reversionary interest. In the present case the grantee was Dade County under a deed limiting the use of the land to highway purposes. Since the purpose of the dedication was identical with the limitation of the deed, we conclude that the County obtained a useable grant.
It will be observed in the foregoing sketch that the land in dispute is not twenty feet wide as would appear to be the difference between the two views taken of the Ragen conveyance. This is occasioned by the fact that the south line of Section 9 and the north line of Section 16 do not coincide, thus creating a hiatus of approximately fourteen feet. Dade County subsequently conveyed to the State Road Department a 50-foot strip measured from the center of State Road 826 which coincides with the north line of Section 16 (land between sketch lines 2 and 6). Although there still appears to be a discrepancy, the parties have agreed that only the 14-foot strip (shaded in sketch) is in dispute. This is explained by the fact that Ellen S. Ragen, in 1954, recognized Dade County's title to lands lying within lines 2 and 3 of the sketch by accepting a release from the Board of Commissioners of the Everglades Drainage District.
We next consider the findings made by the chancellor that the conversion of the previously existing State Road 826 (a land service highway) to the Palmetto Feeder Road (a limited access facility) constituted a use inconsistent with the former use and amounted to an abandonment of the public easement, thereby effecting a reversion. In this finding we conclude the chancellor was in error. This finding did not affect the 14-foot strip previously discussed hereinabove but was limited to that area recognized as land used for highway purposes. We are urged to overrule this finding as not supported by law.
*55 Under the general authority granted to the State Road Department to provide for an adequate road system (Fla. Stat., F.S.A., § 334.02), the Department is specifically authorized to establish limited access facilities in such areas as the needs may require (Fla. Stat., F.S.A., § 338.01). Public safety is a major factor in determining the nature of a road facility. The governmental agency, under the police power, has the authority to exercise this discretion when conditions require. City of Miami v. Girtman, Fla.App. 1958, 104 So.2d 62. When the plans for these facilities, adopted by such agency, do not exceed their lawful authority, they should be upheld because the courts should not substitute their judgment for that of the agency. The fact that a highway subsequently provides limited access to adjacent property does not constitute a diversion from the public purpose required by the dedication of the easement or the right-of-way deed. Lewis v. State Road Department, Fla. 1956, 95 So.2d 248, 255-56.
We now consider the alleged error of the chancellor in enjoining the appellants from denying direct ingress and egress to the appellees' property. The appellees contend that their access should be direct while the appellants contend that suitable provision has been made by the use of secondary roads which would provide indirect access to appellees' drive-in theatres. On this point we find the chancellor to be in error. Private landowners having property abutting on public ways have no vested right of ingress and egress and they are bound by public necessity. Mr. Justice Thornal, speaking for the Court, very ably explored this point in Weir v. Palm Beach County, Fla. 1956, 85 So.2d 865, 868, wherein it was said:
"The owner of property abutting a public way has a right of ingress to and egress from his property as well as a right to enjoy the view therefrom. However, these are rights which are subordinate to the underlying right of the public to enjoy the public way to its fullest extent as well as the right of the public to have the way improved to meet the demands of public convenience and necessity. If the improvement for the benefit of the public interferes with the pre-existing means of ingress and egress and view enjoyed by the individual property owner, without an actual physical invasion of the land of the property owner, then again we have a situation where the individual right is subordinate to the public good and any alleged damage suffered is damnum absque injuria. This is so for the simple reason that one who acquires property abutting a public way acquires it subject and subordinate to the right of the public to have the way improved to meet the public need. See Bowden v. City of Jacksonville, 52 Fla. 216, 42 So. 394; Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457, 14 L.R.A. 370; Dorman v. City of Jacksonville, 13 Fla. 538, 10 So. 457, 14 L.R.A. 370."
See also City of Miami v. Girtman, supra.
The final point for determination is the measure of damages applicable to the taking of the land in dispute, and the procedure to be utilized in assessing damages. We previously concurred with the chancellor in his determination that the 14-foot strip was owned by the appellees. The chancellor found that appellees were entitled to just compensation for the 14-foot strip taken, damages for the depreciated rental value of appellees' lands, and business losses sustained by appellees as a proximate result of appellants' unlawful appropriation. All of the above issues and elements of damage were premised upon the appellants' unlawful or tortious seizure of appellees' lands and property rights and were directed to be tried before a jury as an incident to the main proceedings in equity. This we find was error.
The appellant, State Road Department, should be required to condemn the 14-foot strip in the manner prescribed by law for acquisition of private property *56 for public use. Chapter 73, Fla. Stat., F.S.A. Although the appellees alleged  and the chancellor found  that there was an unlawful or tortious taking of a portion of appellees' lands and property rights, nevertheless, by statute as well as decisions of our Supreme Court, the appellant, State Road Department, is immune from suit based upon a tort claim. Fla. Stat., F.S.A., § 337.19; Weir v. Palm Beach County, supra. It would naturally follow that if the State Road Department were immune from suit upon tort claims, it would likewise be relieved from responding in damages for such claims. The statutory law and decisions require a condemnation pursuant to Chapter 73, Fla. Stat., F.S.A., where private property is to be appropriated for public use. The applicable measure of damages is specifically described and enumerated in Chapter 73 and should be followed.
The chancellor's finding that the appellees would be entitled, as an element of damages, to depreciated rental value of their property, losses incurred in business, and attorneys' fees, is clearly error. Depreciated rental value is not an element of damage recoverable under Chapter 73, supra. Losses incurred in business are specifically limited by statute to "established business[es] of more than five years standing", whereas it affirmatively appears from the record before us that the appellees' theatre business has only been established and in operation since February, 1955. Fla. Stat., F.S.A., § 73.10(4); Hooper v. State Road Department, Fla.App. 1958, 105 So.2d 515. An award of attorneys' fees is governed by statute  §§ 73.11 and 73.16, Fla. Stat., F.S.A.  and absent a contract or statute providing for same would not be recoverable for services rendered in this particular action.
Accordingly, that portion of the summary decree adjudicating title to the 14-foot strip to be vested in appellees, is affirmed. All other portions of said decree are reversed, with directions that proceedings should be instituted by appellant, State Road Department, and/or Dade County to condemn the 14-foot strip of property belonging to appellees.
Nothing herein is intended or should be construed as limiting the power of the chancellor to award other and further equitable relief should the appellants fail or refuse to institute condemnation proceedings.
Affirmed in part and reversed in part.
CARROLL, CHAS., C.J., and PEARSON, J., concur.