CARROLL, CHAS., Judge.
 This appeal is from a judgment in an eminent domain proceeding.[1] The suit involved the fee simple title underlying an *465 easement, and appellants’ right to access, to the planned limited access highway. The verdict was for one dollar,[2] plus attorney fees in the amount of $2,000. It was not unreasonable and was within the range of the evidence for the jury to find that, on weighing the convenience and value of the access roads which the county provided, against that which prevailed previously, no compensation was indicated.
The appellants attack the verdict and judgment on four grounds. First, they contend the court erred in not allowing the appellants, rather than the petitioner, to have the opening and closing arguments at the conclusion of the trial. That contention has been answered adversely to appellants by a recent decision of the second district court of appeal. See Parker v. Armstrong, Fla.App.1960, 125 So.2d 138. Second, appellants argue that the court was in error in ruling that the “damages, or just compensation” should be determined as of February 8, 1960, and not as of July 30, 1957. The February 1960 date was the time of the petitioner’s taking. The earlier July 1957 date was when an agency other than the petitioner interfered with appellants’ access roads. Appellants invoke § 73.09, Fla.Stat., F.S.A.[3] As pointed out in appellee’s brief, “Section 73.09 was not applicable because Dade County was neither using the property in question nor perfecting a defective title.” That any injury or damage suffered by the appellant prior to the taking by the county in February 1960 was not chargeable to the petitioner Dade County is sufficiently shown by the earlier decisions cited in footnote number one.
Next, appellants contended they should have been allowed to recover the costs and attorney fees which they incurred in the earlier litigation. The contention lacks merit. The expenses of appellants from such litigation were not attributable to the appropriation of the property by the county, but were incurred in opposing actions of other parties directed to the property. See Florida State Turnpike Authority v. Anhoco Corp., Fla.App.1958, 107 So. 2d 51, 56, and the decision of the Supreme Court in that case, on certiorari, 116 So.2d 8, at page 14.
Finally, appellants make the contention that in the condemnation proceeding they did not “have a fair trial of the amount of just compensation which they are entitled to receive for their property rights, title, and/or interest therein taken, as guaranteed by the Constitution of this state.” We have examined the record in the light of the several assignments of error upon which this general contention was predicated, and are unable to agree. The cause appears to have been fully and fairly tried, and no reversible error has been made to-appear.
Affirmed.
PEARSON, Acting Chief Judge, and SAULS, RICHARD M., Associate Judge,, concur.

. Earlier decisions relating to the subject matter are shown in Florida State Turnpike Authority v. Anhoco Corp., Fla.App. 1958, 107 So.2d 51, certiorari granted, Id., Fla.1959, 116 So.2d 8.

. It was within the province of the jury to award only nominal compensation for the taking of the fee underlying the easement. State of California v. United States, 9 Cir., 1948, 169 F.2d 914, 924; United States v. Certain Parcels of Land, etc., D.C.D.Md.1944, 54 F.Supp, 667, 669; In re Public Beach, Borough of Queens, City of New York, 269 N.Y. 64, 199 N.E. 5, 6-7; Cossey v. State, Ct.Cl.1943, 43 N.Y.S.2d 908, 909; 4 Nichols, Eminent Domain, § 12.411, pp. 160-161.

. “In any case where the petitioner shall not have acquired title to any lands which the petitioner is using, or if at any time after an attempt to acquire title by condemnation proceedings or otherwise, it shall be found that the titles so acquired are defective, the petitioner may proceed under this chapter to acquire or perfect such title, or to acquire any outstanding right, title or interest in and to such property; provided, however, that the compensation to be allowed the defendants under this section shall be a just compensation for the property, or the right, title or interest therein, taken aa of the date of the appropriation.”