227 So.2d 418

**STATE of Alabama**

v.

**J. E. PATERSON LUMBER CO., Inc.**

1 Div. 510.

Supreme Court of Alabama.

Oct. 9, 1969.

MacDonald Gallion, Atty. Gen., Harry D. Hardy, Sp. Asst. Atty. Gen., and Tyson, Marr & Friedlander, Mobile, for appellant.

Austill, Austill & Austill, Mobile, for appellee.

was tried to the jury on the sole issue of compensation, which rendered a verdict assessing damages for the taking of this tract of land for $22,590.00.

The State has appealed from this final judgment and assigned a single ground of error, that being that the trial court erred in granting the appellee's motion to strike the State of Alabama as a party defendant in the Probate Court.

The single question before us then is whether or not the trial court erred in granting a motion to strike the State as a party defendant in a condemnation case instituted by the State.

SIMPSON, Justice.

This is a condemnation case which began when the State filed an application in the Probate Court of Mobile County seeking to condemn a tract of land for use as a highway. This initial petition named as the parties claiming to own the land the following: J. E. Paterson Lumber Company, Inc., City of Mobile, County of Mobile, State of Alabama, John Doe, and Mary Roe. Thereafter the application was set for hearing and J. E. Paterson Lumber Company, Inc., filed an appearance. In that proceeding the land was ordered condemned and commissioners were appointed who duly filed their report. An order of condemnation was entered by the Probate Court and the State appealed to the Circuit Court and demanded a jury trial.

J. E. Paterson Lumber Company, Inc. cross-appealed, also demanding a jury trial.

In the Circuit Court, J. E. Paterson Lumber Company filed a motion to strike as parties defendant the City of Mobile, the County of Mobile, and the State of Alabama, as well as the fictitious parties. The court granted J. E. Paterson Lumber Company's motion to strike, leaving in the case the State of Alabama as the condemnor and J. E. Paterson Lumber Company, Inc. as the sole defendant. The City and County of Mobile had filed disclaimers. The case

■ Our holding is that the motion to strike was properly granted. It is the contention of the State that it named itself as a party defendant in this case because of its contention that the very tract of land sought to be condemned was the property of the State under a prior dedication. However, no facts on this issue were taken below, nor should there have been any testimony allowed on this point, because a condemnation proceeding is not the proper place to try title. In fact, when the State asserts its rights to condemn under the condemnation statute, its position is that it does not own the property, but has the right to condemn under the eminent domain legislation. A contention made in the same proceeding that the State owns the land is inconsistent with the position of the condemnor in a condemnation case. While we have found no case directly on point in Alabama, and have been cited none, there are several from other jurisdictions. For example, in Village of Olean v. Steyner, 135 N.Y. 341, 32 N.E. 9, 17 L.R.A. 640, the court said:

"I do not see how the village of Olean can raise the question of a dedication to the public use in this proceeding [a condemnation proceeding]; for its very existence and prosecution necessarily involves an admission of the landowner's right, and an inquiry into his damages

resulting from a necessary taking of that right. If Fifth street was in truth dedicated to the public use, and that dedication accepted by the municipal authorities, the commissioners were at liberty to open the street, and occupy and maintain it, without any proceeding whatever, because simply engaged in regulating and improving a street belonging as such to the village."

See also Demers v. City of Montpelier, 120 Vt. 380, 141 A.2d 676:

"Having resorted to statutory condemnation to acquire title to the plaintiffs' land, the City relies on dedication and acceptance to establish title in the municipal corporation. The plaintiffs' right to compensation cannot be extinguished by this method.

"The City Council was not at liberty to proceed to condemn the plaintiffs' land, and within the framework of the condemnation proceeding itself, set up a paramount title in the City by dedication and acceptance. Village of Olean v. Steyner, 135 N.Y. 341, 32 N.E. 9, 17 L.R.A. 640; Colorado M. Rwy. Co. v. Croman, 16 Colo. 381, 384, 27 P. 256; 2 Lewis, Em.Dom., 3d Ed., § 660 p. 1137; see also 29 C.J.S., Eminent Domain, § 266, p. 1239; 18 Am. Jur., Em.Dom., § 342, p. 985.

"The plaintiffs' ownership of the property sought to be condemned lies at the very foundation of the Council's jurisdiction. To permit the municipality to claim title in the public way it seeks to condemn deprives the proceedings of all foundation. It would render the judicial condemnation proceeding nothing but a sham. * * *"

■ We do not go into the question of whether or not the property involved in this case has been dedicated to the State. Our holding is limited to this. The trial court properly granted the appellee's motion to strike the State of Alabama as a party defendant. As indicated in the above cases, the State is not at liberty in a condemnation case to (1) assert its right to condemn and (2) to contend that the land involved is already the property of the State under a prior dedication. There is simply no provision in our condemnation statute for litigating claims between the condemnor and others holding or claiming to hold an interest in the property sought to be condemned.

Affirmed

MERRILL, COLEMAN, BLOODWORTH, and MADDOX, JJ., concur