[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 130 
This is an eminent domain proceeding. The question before us involves the determination of just compensation for the taking of a segment of public roadway by the State.
The subject parcel was a portion of the Dauphin Island Parkway, a public road in Mobile County. The road came to a dead end at the northern edge of the Theodore Barge Canal on the middle fork of the Deer River. The Alabama State Docks Department of the State of Alabama instituted condemnation proceedings in order to widen the canal to allow ship travel. The property in question was approximately 80 by 114 feet and comprised approximately .21 acre. Mobile County owned an easement across the property for purposes of a public road and William Atkins owned the underlying fee. The State appealed from a verdict of $21,600.00 in favor of the owners.
Numerous issues were raised on appeal. All of the issues revolve around the central question of how the parcel should be valued for purposes of eminent domain. The State sought to value the interests of the County and of Mr. Atkins separately. It argued that the County, which is merely a political subdivision of the State, is not entitled to compensation in the traditional sense for the taking of a roadway but is only entitled to any costs of providing substitute facilities.United States v. City of New York, 168 F.2d 387 (2nd Cir. 1948); United States v. Des Moines County, 148 F.2d 448 (8th Cir. 1945). Atkins's interest in the parcel, the State continued, should be valued in light of the easement which burdened the fee. The owners, on the other hand, sought to recover the full value of the land taken as if it were an unencumbered fee, on the theory that the defendants could join together and merge title. To allow evidence as to the extent of each owner's interest in the property would require the court, according to the owners, to "try title" to the property. A condemnation proceeding is not the proper place to try title.State v. J.E. Paterson Lumber Co., 284 Ala. 648, 227 So.2d 418
(1969).
We disagree with the State's contention that Mobile County was not entitled to compensation for the taking. In State v.Jefferson County Board of Education, 282 Ala. 303,211 So.2d 146 (1968), the State condemned a portion of the grounds of a public high school in Jefferson County. We rejected the State's argument that since the property was owned by its political subdivision and dedicated to a public use its rededication by the legislature to a different use did not give rise to an obligation on the part of the State to compensate the board of education. We ruled that the Board of Education was entitled to just compensation for the taking. Ala. Const. § 23; Code of Alabama, § 18-1-1 et seq.
While we agree with Mobile County that it is entitled to just compensation, we note that the "substitute facilities" doctrine espoused by the State in support of its motion to dismiss Mobile County as a party defendant is applicable to the question of what constitutes "just compensation" to the county for the taking. Ordinarily, of course, market value is the measure of compensation in condemnation cases. Special problems arise, however, in eminent domain proceedings involving publicly owned property which is adapted to a special use. Since bridges, streets, sewers, parks and similar facilities are rarely sold on the open market, the "market value" test is inappropriate. Even when it is possible to establish a market value for such property, the condemnee may not be fully compensated where it must acquire substitute facilities at a greater cost than the value of the facilities taken in order to fulfill its governmental obligations. See "Note," 6 Seton *Page 131 
Hall L.Rev. 711 (1975); 40 A.L.R.3d 143. In order to adequately compensate governmental entities for the condemnation of property specially adapted to a public use, the courts have adopted the "substitute facilities" doctrine. If a public need existed at the time of the taking which made it reasonably necessary for the condemnee to provide substitute facilities, then the cost of providing substitute facilities constitutes the measure of just compensation for the taking. County ofSarpy v. United States, 386 F.2d 453 (Ct.Cl. 1967); City ofWichita v. Unified School District, 201 Kan. 110, 439 P.2d 162
(1968). When the taking is of such a nature as to obviate the need for the facility, the governmental entity, which is in the business of providing public services, suffers no loss as a result of the taking. If anything, the condemnee is relieved of the burden of maintenance. Therefore, when no substitute facilities are necessary, only nominal damages or salvage value should be awarded. Washington v. United States, 214 F.2d 33
(9th Cir. 1954); California v. United States, 169 F.2d 914 (9th Cir. 1948); United States v. City of New York, 168 F.2d 387 (2d Cir. 1948).
In the instant case the need for a public road on the parcel in question ceased upon expansion of the canal because the segment of road in question served only as access to adjacent parcels which were also taken when the canal was widened. Since the overwhelming weight of authority is to the effect that a political subdivision is entitled to compensation for the taking of a public road only to the extent that it is necessary to provide a substitute conveyance, Washington v. UnitedStates, 214 F.2d 33, 39 (9th Cir. 1954), just compensation to Mobile County for the taking in the case sub judice was nominal.
During the trial the State attempted to introduce the deed granting the county an easement for a public road. The defendants' objection to the introduction of the deed was sustained on the ground that the parcel should be valued without regard to the individual interests of the defendants. On appeal, the State argued that it should have been allowed to introduce the deed because the easement affected the value of Mr. Atkins's fee.
An argument similar to the one advanced here by the owners was rejected by the United States Supreme Court in BostonChamber of Commerce v. City of Boston, 217 U.S. 189,30 S.Ct. 459, 54 L.Ed. 725 (1910). In that case the city sought to condemn a parcel owned by the Chamber of Commerce. An abutting land owner, The Central Wharf and West Dock Corporation, had an easement of way, light, and air over the land in question. The owners argued that they should be allowed to recover the full value of the land taken as an unrestricted fee. The parties agreed that the value of the fee if it were unencumbered was $60,000.00, but that its value as restricted was only $5,000.00. In upholding an award for $5,000.00 the court ruled that:
 "[The Constitution] does not require a parcel of land to be valued as an unencumbered whole when it is not held as an unencumbered whole. It merely requires that an owner of property taken should be paid for what is taken from him. It deals with persons, not with tracts of land. And the question is what has the owner lost, not what has the taker gained. We regard it as entirely plain that the petitioners were not entitled as a matter of law to have the damages estimated as if the land was the sole property of one owner, and therefore are not entitled to $60,000 under their agreement."
Boston Chamber of Commerce, supra at 195, 30 S.Ct. at 460.
In determining the fair market value of a parcel taken by eminent domain, consideration should be given to any factors which a reasonably prudent buyer would consider before purchasing the property. Clearly, the presence of an easement for a public road on the parcel would have to be considered in determining the fair market value of the property. See 22 A.L.R.3d 961. The owners, likewise, should be allowed to introduce evidence as to the possibility of the removal or termination of the restriction. *Page 132 Moschetti v. City of Tuscon, 9 Ariz. App. 108, 449 P.2d 945
(1969); Schwartz v. State, 95 Misc.2d 525, 408 N.Y.S.2d 239
(Ct.Cl. 1978).
We agree that the State should have been allowed to introduce evidence of the easement. Generally, where property burdened with an easement is condemned, the property must be valued in its existing condition, not as an unencumbered fee. 4 Nichols,Eminent Domain § 12.411. Thus, the owner of the fee subject to an easement is entitled to recover the value of the land subject to the easement. Terminal Coal Co. v. United States,76 F. Supp. 136 (W.D.Pa. 1948), aff'd, 172 F.2d 113. In this case the trial court erred in refusing to allow introduction of the deed and in refusing to give the State's requested charge instructing the jury as to the nature of the easement and the respective rights of the parties with regard to the parcel as burdened by the easement. Ruble v. City of San Antonio,479 S.W.2d 86, 89 (Tex.Civ.App. 1972). See also Terminal Coal Co.v. United States, supra.
While there are very few cases dealing with the value of a privately owned fee encumbered by a public road, our research revealed a few informative decisions. In King v. Mayor andCouncil of Rockville, 249 Md. 243, 238 A.2d 898 (1968), the plaintiff owned property which was being condemned as part of an urban renewal project. Like Mr. Atkins, Mrs. King owned property abutting a road as well as a naked fee in a portion of the roadbed subject to an easement. In its ruling with regard to the value of the fee, the court stated that in absence of evidence that the property would not have continued to be used indefinitely as a street but for the condemnation, the fee interest in the roadbed had only nominal value. 249 Md. at 251,238 A.2d at 903. In United States v. Certain Parcels of Land,54 F. Supp. 667 (Md. 1944), aff'd, 147 F.2d 786, the federal government condemned city streets as part of a large parcel taken for a shipyard. The court ruled that the municipality which owned an easement for the streets and the owners of the fee subject to the easement were not jointly entitled to compensation for the whole. The owners of the fee interest in the roadbed were awarded only nominal damages for its condemnation. 54 F. Supp. at 669.
In light of the foregoing authority we think the proper rule is that where the fee is burdened with an easement for a public road the fee must be valued in light of the restrictions placed on it. In the absence of evidence of some probability that the easement would have terminated but for the condemnation or proof of some special value attaching to it such as valuable subsurface rights, the underlying fee will, in the ordinary case, have little, if any, value. Peck v. Baltimore County,41 Md. App. 323, 397 A.2d 615 (1979), rev'd on other grounds,286 Md. 368, 410 A.2d 7 (1979); Anhoco Corporation v. Dade County,127 So.2d 464 (Fla.Dist.Ct.App. 1961), rev'd on other grounds,144 So.2d 793 (Fla. 1962); People v. Schultz, 123 Cal.App.2d 925,937-938, 268 P.2d 117, 126 (1954).
We opine that the trial court erred in refusing to allow the State to introduce evidence of the easement as a burden on Mr. Atkins's fee affecting its worth. While we disagree with the State's position that Mobile County should have been struck, we agree that the proper rule to be applied in valuing Mobile County's interest in the road is the substitute facilities doctrine. We also note that the trial court, over objection, allowed testimony regarding the cost of constructing boat ramps on the property. While we recognize that property should be valued according to its highest and best use, Sayers v. City ofMobile, 276 Ala. 589, 165 So.2d 371 (1964), the jury should not be allowed to consider imaginary or highly speculative possible uses. Alabama Cent. R. Co. v. Musgrove, 169 Ala. 424, 428-429,53 So. 1009, 1010 (1910). In light of the easement allowing the county to use the property only as a road and in light of the fact that permission by the condemnor would be necessary for such a project, we deem such testimony to be too *Page 133 
speculative to be probative as to the value of the parcel.
Reversed and remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and ADAMS, JJ., concur.