MATHEWS, Justice.
This is an eminent domain proceeding. An appeal was prosecuted from final judgment entered from the Circuit Court in Columbia County.
It will not be necessary to discuss all of the assignments of error as most of them have been long settled as fixed law in this state. No good purpose can be served by continuing to repeat law about which there is no longer any dispute.
*700 The appellant insists that the Court committed reversible error because it would not permit one J. H. Porter to testify that he was one of the fee simple title owners of the property in question. It appears from the petition in eminent domain that the petitioner made the diligent inquiry required by the statute and so far as ascertainable by said diligent research, named only Mary Annie Porter as the owner of the property. J. H. Porter claimed that he was a joint owner and his testimony was offered as to his interest in the property. The Court sustained objections.
It is not the purpose of an eminent domain proceeding to try title to the property. See Peeler v. Duval County, Fla., 66 So.2d 247. The purpose of the eminent domain proceeding is to determine the value of the property taken and damage to the remainder, irrespective of ownership. Such questions as interest in the property, ownership, liens on property, may be determined in the same action in a summary proceeding after the jury has ascertained and rendered a verdict as to the value of the property taken and damages to the remainder.
The appellants contend that a denial in the answer of the necessity'for the taking of the land raised an issue which should have been submitted to the jury.
The petition is full and complete and sets forth that the petitioner is exercising its right of eminent domain by virtue of Chapter 341.22 and Chapters 73 and 74, Florida Statutes, 1951, F.S.A. It then alleges that the land sought to be acquired is necessary for public use for the purpose of constructing and maintaining a state highway designated as State Road No. 25. The answer does not deny that the petitioner found it necessary to acquire the lands in question and the fact that’ petitioner alleged that it had determined that the lands were necessary, the answer in effect admits that the petitioner found it necessary. The answer does not properly raise the question of necessity as determined by the petitioner. The answer contains no allegation of fraud, bad faith, or any facts showing an abuse of discretion. Spafford v. Brevard County, 92 Fla. 617, 110 So. 451; Inland Waterway Development Co. v. City of Jacksonville, Fla., 38 So.2d 676; State v. Florida State Improvement Commission, Fla., 75 So.2d 1.
It is assigned as error that J. H. Porter was not permitted to testify and express an opinion as to the value of the damage to the property. The record shows that he was not an appraiser or real estate expert and failed to show any necessary qualifications in order for him to testify as a witness in expressing an opinion as to the value or damage to the property. Orange Belt Ry. Co. v. Craver, 32 Fla. 28, 13 So. 444.
We have considered all assignments of error, the record and the briefs and we do not find any reversible error.
Affirmed.
TERRELL, Acting Chief Justice, SE-BRING, J., and BIRD, Associate Justice, concur.