10 Ill.2d 15 (1956)
139 N.E.2d 267
THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee,
v.
FRANK A. FINKS et al.  (VINCENT J. SCHWENOHA et al., Appellants.)
No. 33876.
Supreme Court of Illinois.
Opinion filed November 26, 1956.
Rehearing denied January 23, 1957.
*16 EDWIN C. MILLS, of Lincoln, for appellants.
LATHAM CASTLE, Attorney General, of Springfield, (MARK O. ROBERTS, of counsel,) for appellee.
Judgment affirmed.
Mr. JUSTICE HERSHEY delivered the opinion of the court:
This is an appeal from the circuit court of Logan County, which in a condemnation case entered judgment *17 on jury verdicts awarding the appellants, Vincent J. Schwenoha and Helen Schwenoha, $7050 for land taken and $4200 for damage to land not taken. Direct appeal to this court is authorized by statute. Ill Rev. Stat. 1955, chap. 47, par. 12.
The appellants contend the awards were inadequate and the trial court made erroneous rulings.
The Department of Public Works and Buildings filed the instant petition on September 5, 1951, to acquire right of way and access rights in connection with the improvement of U.S. Route 66 as a "freeway." (Ill. Rev. Stat. 1951, chap. 121, pars. 334-343.) Included among the tracts described was property belonging to the appellants and located just outside Lincoln in the northwest quadrant of the intersection of U.S. Route 66 and Illinois Route 10 (also Illinois Route 121 at that point). This land was needed for the construction of a "service road" paralleling U.S. Route 66.
The appellants' property was roughly 200 feet square. On the west one-third thereof, referred to as tract 3A, is situated a restaurant and cocktail bar known as "The Tropics." This tract was not taken, but it was damaged by the taking of the remaining two-thirds, tract 3. The latter was used as a customer parking lot. It had a blacktop surface, and underground were two butane gas storage tanks, a septic tank, a cesspool, and sewage disposal facilities servicing the building.
Two experts testified for the petitioner, and each placed a valuation of $6100 on tract 3, and estimated the damage to tract 3A as $3600.
Appellant Schwenoha testified that the value of tract 3 was $30,000, and the damage to tract 3A amounted to $50,000. One of his expert witnesses valued tract 3 at $20,000 and the damage to tract 3A as $40,000, while another fixed the value of tract 3 at $25,000 and estimated the tract 3A damage as $25,000.
*18 The jury viewed the premises before returning verdicts of $7050 for tract 3 and $4200 for damage to tract 3A.
The appellants' principal objection goes to the adequacy of the award for tract 3A damage, and is based on the assertion that the petitioner's valuation witnesses failed to give due weight to loss of parking facilities resulting from the State's acquisition of tract 3.
We do not believe the objection is well taken.
It is not claimed these witnesses were not qualified to give an opinion on value. Each was a licensed real estate broker with wide experience in the area, having engaged in the real estate business there for over 20 years. Moreover, it is not said they failed to follow the correct rule for estimating damage to land not taken, the so-called "before and after rule" which deducts the market value of the property after the taking from the market value before the taking. (Cuneo v. City of Chicago, 400 Ill. 545.) Rather, the argument is confined to a claim that of the various factors bearing on value, the witnesses did not accord proper weight to the loss of parking facilities.
It must be born in mind that the owner has the burden of proving damage to land not taken. (City of Chicago v. Provus, 415 Ill. 618.) And even regarding land taken, where the petitioner has the burden of proving the fair cash market value of the property, the burden is on the property owner to prove any particular element which he feels materially increases the value of his property. "It cannot be said that the petitioner has failed to sustain its burden because it has not put sufficient emphasis on an element of value the property owners believe should be stressed. (County of Cook v. Holland, 3 Ill.2d 36, 43.) The opinions of experts will, of course, differ  not only as to their appraisal figures, but also as to the weight to be given various elements of value in arriving at the ultimate estimate. In such cases, it becomes the task of the jury to consider all the evidence and return what it believes to be a just verdict. *19 This court has reiterated on many occasions that where the jury has viewed the premises and the amount fixed is within the range of the evidence, the verdict will not be disturbed unless the record clearly shows it has been influenced by passion or prejudice or unless there was a clear and palpable mistake. (See e.g., Department of Public Works and Buildings v. Pellini, 7 Ill.2d 367.) Here, the jury verdict ($4200) did approximate the lowest estimate ($3600), but this is not, of itself, sufficient to establish a clear and palpable mistake. (Forest Preserve District v. Dearlove, 337 Ill. 555.) We see no justification for upsetting the jury's verdict.
Finally, a contention is made that prejudicial error intervened at the trial by reason of erroneous trial court rulings.
For example, the appellants assert they were improperly foreclosed from telling the jury of an offer to purchase the property. However, the offer was received subsequent to the filing of the condemnation petition and was therefore inadmissible. Forest Preserve District v. Eckhoff, 372 Ill. 391, 395.
The remaining matters are conceded to be of relatively minor importance, and the appellants submit no authorities supporting their position on them.
On two occasions the trial court sustained an objection to a question asked of a State's witness on cross-examination, in the one case on the ground the question was argumentative and in the other because it was said to be repetitious. Apart from the correctness of the rulings, in view of the extensive cross-examination, covering in detail all phases of the State's evidence in chief, it is apparent that these two rulings did not prejudice the appellants' case. The same is true of the court's refusal to permit one of the appellants' experts to state that the presence of three gas stations at the same intersection enhanced the value of the property since "tourists going through, *20 stopping to fill up with gas, * * * are usually looking for some place to eat." The court sustained an objection on the ground the answer was both a conclusion and speculative. Finally, attention is called to the following question (asked appellants' witness on cross-examination) about the "Blu-Inn," a restaurant and cocktail bar located near the intersection: "Describe the parking area on the north of the Blu-Inn, the present Blu-Inn, Mr. Hickey, how far would it be from the west entrance or the front entrance of the Blu-Inn?" The trial court is vested with reasonable discretion in determining the range of cross-examination, and the appellants do not show wherein it abused that discretion by overruling an objection to the foregoing question.
We believe the jury verdicts were amply supported by the evidence, the appellants were accorded a fair trial, and the judgment should be affirmed.
The judgment of the circuit court of Logan County is affirmed.
Judgment affirmed.