124 So.2d 750 (1960)
Emory G. RICH, Petitioner,
v.
HARPER NEON COMPANY, Incorporated, a corporation, and State Road Department of Florida, an Agency of the State of Florida, Respondents.
No. 2077.
District Court of Appeal of Florida. Second District.
November 23, 1960.
*751 Donald Walker, Orlando, William D. Jones, Jr., Jones & Foerster, Jacksonville, for petitioner.
Robert L. Powe, Orlando, for respondent Harper Neon Co., Inc.
Clyde G. Trammell, Jr., Bryan Henry, Tallahassee, for respondent State Road Dept.
ALLEN, Chief Judge.
The State Road Department brought eminent domain proceedings against several tracts of land in the City of Orlando for use in the construction of a limited access state highway. The petitioner, Rich, is the owner of one of the tracts of land. The respondent, Harper Neon Company, Incorporated, is a tenant of an unexpired lease on the tract of land owned by the petitioner, Rich.
Petitioner, Rich, requested by motion that the trial court defer considering the claim of the tenant for damages until after the jury had first returned its verdict upon the issue of damages to the owner. The court entered an order denying this request and held that the owner's and the tenant's claims for damages should be tried simultaneously and that the jury could consider both claims and award an appropriate verdict. It is to this order that the instant petition for writ of certiorari is directed.
At the outset the petitioner is confronted with the fact that this is in effect an attempt to appeal an interlocutory order in a common-law action, contrary to the rules of appellate practice in Florida. However, exceptions have been made by the appellate courts to permit certiorari to review interlocutory orders under exceptional circumstances. See Brooks v. Owens, Fla. 1957, 97 So.2d 693, 695, wherein the Supreme Court of Florida said:
"* * * Where it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, this court will consider granting the writ, as where the lower court acts without and in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate. Kauffman v. King, Fla. 1956, 89 So.2d 24; Huie v. *752 State, Fla. 1956, 92 So.2d 264. See also 5 Fla.Jur. Certiorari Sec. 12."
Since there are numerous condemnation cases arising all over the State of Florida, we think that this question should be passed upon and not await the trial of the action, which probably would result in numerous appeals if the action of the lower court was incorrect. We shall, therefore, entertain certiorari in this case as we did in a somewhat similar question in the case of State Road Department v. Shell, Fla.App. 1960, 122 So.2d 215.
The primary question involved in this case is whether in the trial of an eminent domain case a jury should apportion the damages to a tract of land between the owner of the fee and various other interested parties, such as mortgagees, tenants, lienholders, etc., or should the verdict of the jury only include the damages suffered by the owner of the particular tract and subsequently thereafter the trial judge apportion the jury verdict between the various claimants.
Florida Statutes, § 73.12, F.S.A., states:
"The judgment shall recite the verdict in full and shall be that the property therein described be appropriated to the petitioner in fee simple, or the particular right or estate in said property sought, be appropriated to the petitioner, upon the petitioner paying or securing by deposit of money the compensation found by the verdict of the jury. The court upon appropriate petition shall determine the rights of any mortgagees, judgment creditors and lienholders in respect to the compensation awarded to each owner by the verdict."
The Florida Legislature in 1959 amended Section 73.12 (Chapter 59-450, Laws of Florida, 1959) by providing that the jury should determine the value of the tract taken in condemnation and the damage to the owner of the property, and that the court, upon petition, should then determine the amount of the compensation awarded by the jury that should go to each of the claimants due an interest in the property or as creditors, such as judgment creditors, lessees, etc.
A circuit judge can more properly apportion the interest of the various claimants to a certain tract of land than could a jury, under the circumstances.
This court, in a recent case, Wingert v. Prince, Fla.App. 1960, 123 So.2d 277, 278, in an opinion by Associate Judge Germany, said:
"This condemnation proceeding was instituted in May, 1959, at which time 73.12 provided, `* * * The court upon appropriate petition shall determine the rights of any mortgagees, judgment creditors and lienholders in respect to the compensation awarded to each owner by the verdict.' The Legislature of 1959 amended Section 73.12 to read as follows:
"`The compensation awarded by the jury shall be determined as a whole, irrespective of the interest of the various parties in such parcel. The court upon appropriate petition shall determine the rights of any owners, lessees, mortgagees, judgment creditors and lienholders in respect to the compensation awarded to each owner by the verdict, and the method of apportionment among interested parties together with the disposition of any other matters arising from the taking.'
"It would seem that the question relating to the apportionment of the jury award should be made before the court without a jury after the main proceeding. In any event, both parties agreed to the submission of the question to the court without a jury and the appellant is not now in a position to complain of the lack of a jury trial."
Prior to the 1959 amendment to Section 73.12, the Supreme Court of Florida said in *753 the case of Porter v. Columbia County, Fla. 1954, 75 So.2d 699, 700:
"* * * The purpose of the eminent domain proceeding is to determine the value of the property taken and damage to the remainder, irrespective of ownership. Such questions as interest in the property, ownership, liens on property, may be determined in the same action in a summary proceeding after the jury has ascertained and rendered a verdict as to the value of the property taken and damages to the remainder."
Also in Cravero v. Florida State Turnpike Authority, Fla. 1957, 91 So.2d 312, 314, the Supreme Court quoted from Porter v. Columbia County, Fla. 1954, 75 So.2d 699, as follows:
"`* * * The purpose of the eminent domain proceeding is to determine the value of the property taken and damage to the remainder, irrespective of ownership. Such questions as interest in the property, ownership, liens on property, may be determined in the same action in a summary proceeding after the jury has ascertained and rendered a verdict as to the value of the property taken and damages to the remainder.'"
We shall grant certiorari herein and quash that part of the order of the circuit court entered July 28, 1960, which provides for a jury trial to determine the damages of the tenant, Harper Neon Company, Incorporated, a corporation, such specific part being quashed is as follows:
"(2) That the claim of the Defendant, Harper Neon Company, Incorporated, against the Defendant, Emory G. Rich, the former owner of Tract No. 126, as the tenant in possession of said Tract No. 126 at the time of the taking thereof by the Petitioner herein, shall likewise be tried simultaneously before the aforesaid jury of this Court and the determination of the claim of said tenant shall be included in and returned by the jury at the time it returns its verdict upon the issue of just compensation for the taking of the Petitioner of said Tract No. 126."
Certiorari granted.
KANNER and SHANNON, JJ., concur.