125 So.2d 138 (1960)
George C. PARKER, Sr., and Mamie B. Parker, his wife, Petitioners,
v.
William H. ARMSTRONG and State Road Department of Florida, an Agency of the State of Florida, Respondents.
No. 2078.
District Court of Appeal of Florida. Second District.
December 7, 1960.
Rehearing Denied December 30, 1960.
Donald Walker, Orlando; William D. Jones, Jr.; Jones & Foerster, Jacksonville, for petitioner.
Bryan Henry, Clyde G. Trammell, Jr., Tallahassee, for respondent State Road Department.
*139 ALLEN, Chief Judge
The above petition for writ of certiorari was argued before this court at the same time that the case of Rich v. Harper Neon Company, Incorporated, 124 So.2d 750, was argued and one point of law involved herein is similar to the question involved in that case, to-wit:
"Whether the condemnation jury in the same verdict where the amount of compensation to be paid by the condemnor for the taking of private property is determined shall also apportion such compensation between the former owner of the fee title and the tenant of an unexpired leasehold term."
In the Rich case an opinion was filed November 23, 1960, in which we granted certiorari and quashed that part of the order of the circuit court which provided for a jury trial to determine the damages of the tenant. Based on the case of Rich v. Harper Neon Company, supra, we shall also grant certiorari in this case and quash that part of the order of the circuit court entered the 28th day of July, 1960, Paragraph (3), which provides for a jury trial to determine the damages of a tenant in this petition.
Petitioners also asked this court to quash the order of the court below which refused permission to the owner-defendant to open and close the trial.
The petitioners, in their brief, state the question as follows:
"Whether the right to open and close the trial rests with the owner-defendant or upon the condemnor in an eminent domain proceeding where only the issue of compensation is before the court for trial and determination."
The petitioners further state in their brief, page 16:
"Without attempting to burden the Court with a completely exhaustive submission of applicable authorities from all of the other jurisdictions of the country, it may be stated emphatically that the great and overwhelming weight of authority sustains the right of the land owner in a condemnation action to open and to close in cases where the necessity of the taking is not in issue and the sole question is the amount of damages."
It is stated in 73 A.L.R.2d 619, § 2, as follows:
"* * * [a]nd most condemnation proceedings are primarily concerned with the question of damages. On this issue a majority of the cases hold that the landowner has the burden of proof, together with the right to open and close the argument. There are, however, cases taking the view that, absent contrary statute, the party seeking condemnation, rather than the landowner, has the right to open and close
"The division in the cases is mainly due to a lack of harmony on the questions of which party has the burden of proof on the whole case, and which party would be the loser in the absence of any proof. The conflict is partly due, however, to differences in local practice and statutory provisions. * * *"
The above annotation lists decisions from federal courts and from courts of Arkansas, Colorado, Indiana, Massachusetts, Minnesota, Missouri, Montana, Nebraska and Oklahoma as states according the land owner the right to open and close. While it lists decisions by federal and state courts in Alabama, Georgia, Illinois, Maryland, Ohio, Tennessee, Texas, Virginia, Washington and West Virginia as jurisdictions that, absent contrary statutory provisions, the condemnor has the right to open and close the argument in a condemnation case. It will be observed that the jurisdictions *140 are about equally divided on the right to open and close the trial of the case.
A study of many cases set forth in this annotation reveals that the results of the decisions are affected by statutory provisions, procedural admissions on the part of either the landowner or the condemnor, and also on provisions of the constitutions of the various states.
Both the petitioners and the respondents state that this question has not been decided in Florida nor have we been able from independent research to find a case on point in eminent domain proceedings. We are of the opinion that under the constitution of Florida the condemning party has a duty to go forward with the evidence so that the jury may determine the value of the property taken before a judgment can be obtained on the question of damages, and, that having this burden to proceed in the case, the condemnor should have the right to open and close the case and should be accorded the right of opening and closing the oral argument to the jury.
Article XVI, Section 29, of the Florida Constitution, F.S.A., provides:
"No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law."
In the case of Seattle & M.R. Co. v. Murphine, 1892, 4 Wash. 448, 30 P. 720, the Supreme Court, in its opinion, said:
"* * * Upon the question whether, in cases of this character, the petitioner has the right to open and close, the decisions of the courts of the various states are not uniform. Where not controlled by statute, the courts all base their decisions on the general principle that the party on whom rests the burden of proof is entitled to begin and reply. The majority of the cases seem to hold that the burden of proof is upon the landowner, and consequently give the opening and closing to him. In this state no private property can be taken or damaged for public or private use without just compensation being first made or paid into court for the owner, * * *. The proceeding must be inaugurated by the party seeking to appropriate the land. * * *
"From the above provisions of the statute it will be seen that the corporation seeking the condemnation of land for its corporate uses is required to bring the landowner into court in a certain prescribed manner, and to show that the use for which the land sought to be appropriated is a public use, that the public interest requires the prosecution of the enterprise in which it is engaged, and that the land sought to be appropriated is necessary for the purposes of such enterprise. As to all of these matters, the burden of proof is, of course, upon the petitioner. Having gone thus far, and having come to the question of the amount of damages, does the burden of proof shift to the landowner, or remain with the petitioner? * * * No formal pleadings or issues being contemplated or required by the statute, in order, therefore, to determine which party ought to open and close, it is necessary to consider what is the substantial issue to be established, and on which party is imposed the burden of establishing it. The substantial fact to be determined, in this class of cases, is not whether the compensation is more *141 than the petitioner concedes to be just, or is willing to pay, as some of the cases would seem to hold, nor whether the compensation to be made is less than the owner of the land is willing to receive, but simply what is full compensation. The question of damages cannot be tried upon the claim or demand of the landowner. The proceeding is not an action by him to recover damages for land actually taken, but is a proceeding instituted by the petitioner to ascertain what is a full compensation for the taking or injuriously affecting the land; and, before the land can be taken at all, the petitioner must proceed affirmatively, and have the amount of compensation `ascertained and determined' according to law, or not succeed in the appropriation. If no proof should be offered, the petitioner would be defeated, and the proceeding would be dismissed. And, this being so, the petitioner had the right to begin and reply, both in the introduction of evidence and in the argument to the jury. [Citations omitted.]"
In the case of Commissioners of Sewerage of Louisville v. Reisert, 243 Ky. 494, 49 S.W.2d 324, the Court of Appeals of Kentucky had before it the correctness of the trial court respecting the burden of proof. The lower court had placed the burden on the landowner. In its opinion reversing the lower court, the Court said:
"* * * The burden of proof in the whole action rests upon the party who would be defeated if no evidence were given on either side. Civ.Code Prac. § 526. The party having the burden of proof must first produce his evidence and is entitled to conclude the argument to the jury. Civ. Code Prac. § 317, subsecs. 3 and 6.
"* * * Under the Constitution of Kentucky property cannot be taken or applied to public use without just compensation being made (section 13), and municipal or other corporations or individuals invested with the privilege of taking private property for public use must make just compensation for property taken, injured or destroyed. Such compensation shall be paid before the taking, or paid or secured at the election of such corporation or individual before the injury or destruction (section 242).
"The purpose of the proceeding by the commissioners of sewerage is to ascertain what constitutes a full and adequate compensation for the taking or injury to the land desired, and, before any land can be taken, the amount of compensation to be paid must be ascertained and determined according to law * * *. Hence, if the petitioner fails to produce evidence of the value of property proposed to be taken, no relief can be awarded and the proceeding would have to be dismissed. Seattle & M. Ry. Co. v. Murphine, 4 Wash. 448, 30 P. 720. An essential and indispensible part of the burden resting upon the plaintiff is to show the value of the land sought to be appropriated to public use. * * * The burden of proof as to the value of the land and the incidental damages, which the jury must determine, cannot be affected by issues respecting the necessity of the taking and the public use to be made of the property, which are matters to be determined by the court in advance of inquiry as to damages and value. * * *
"The petitioner cannot condemn land without showing the necessity for public use. It may not do so even then, unless it goes further and shows the value of the land proposed to be taken so that the constitutional mandate can be obeyed. No court is authorized to take private property for public use *142 except in a manner authorized by the Constitution. [Citations omitted.]
"When the court, in a case like this one, places the burden on the landowner, and he declines to offer evidence, no judgment of condemnation can be rendered because there is nothing to show the value of the land proposed to be taken. The initial burden is on the condemnor to prove the value of the land before he is entitled to a judgment for the land. The landowner may offer countervailing evidence both as to the value of the land and as to the damages caused by the taking. But the landowner is not required to offer any evidence until the condemnor has met the burden resting on him to show the value. If the value shown is not satisfactory to the landowner, he is free to go forward with his proof. We see no escape from the conclusion that, under our Constitution and the statute here involved, the burden is upon the condemnor to show, first, the necessity for the taking, which may be shown in the first instance by the legislative declaration; and, second, the public use to which the land is to be devoted; and, third, the value of the land."
The Mississippi Supreme Court in the case of Mississippi State Highway Commission v. Hillman, Miss. 1940, 195 So. 679, held in an eminent domain proceeding by the State Highway Commission to condemn a right of way for a public highway, that the commission had the burden of proof on issue of damages, and hence instruction that burden was on property owners to establish damages sustained by taking of the property was properly refused. See also Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So.2d 475.
In the case of Georgia Power Company v. Smith, 94 Ga. App. 166, 94 S.E.2d 48, 49, the appellant complained of the following charge:
"* * * `I charge you, gentlemen of the jury, that in this case the burden of proof is on the Georgia Power Company, with respect to the lands over which they are condemning the right of way to show you the value of lands for all purposes to which it may be suited including the use for which it is condemned. It is further the burden on the power company to show whether any consequential damage has been done to the remainder of the land by the taking of the right-of-way and if any such damage has been done what is its amount. The burden of proof rests upon the Georgia Power Company to satisfy the jury of the truth of its case by a preponderance of the evidence.'"
It is further stated in this case:
"The condemner contends that the first sentence of this charge was error because the condemner was not bound to show the value of the property for all purposes to which it might be suited. The condemner has the burden of proving what is just and adequate compensation for the property taken. While the writer considers the charge correct, it is the view of some members of the court that it was not entirely accurate. However, there is no division of opinion that it was not harmful error. The jury had for its consideration, in arriving at the fair compensation the condemnees were to be paid for their property, evidence of its value for specific purposes. Hence the effect of the charge was to correctly place upon the condemner the burden of proof as to the value of the property for those purposes. * * *"
The Supreme Court of Illinois, in the case of Department of Public Works and Buildings v. Bohne, 415 Ill. 253, 113 N.E.2d 319, *143 324, held that the petitioner in eminent domain proceedings had the burden of proving fair cash value of property to be taken. The Court, in its opinion, said:
"* * * It is the petitioner, moreover, who has the burden of proving the fair cash value of the property to be taken, including the value of this leasehold interest, as defendant lessees contend. Chicago, Burlington & Quincy Railroad Co. v. F. Reisch & Bros., 247 Ill. 350, 93 N.E. 383."
In the case of Montgomery S.R. Co. v. Sayre, 1882, 72 Ala. 443, the Court held that upon an appeal to the circuit court, if an assessment of the damages by a jury was demanded, the railroad was entitled to open and conclude the investigation and argument of the cause, since it has long been the settled practice in the state, whatever the attitude a case may assume, that the plaintiff, as the actor in the institution of the proceedings, is entitled to open and conclude the argument, unless he waives the right of concluding by failing to open the argument.
See also Alabama Cent. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009, in which the Court held that the trial court had committed error in allowing the landowner, over the objection of the railroad, to open and close the case, pointing out that the rule was recognized as the settled law of the state by a recent session of the legislature when it enacted a statute changing the rule, so that in the future the landowner would be accorded the opening and conclusion.
In the case of Ryan v. Davis, 1959, 201 Va. 79, 109 S.E.2d 409, the Virginia Court held it was not error for the trial court to refuse to grant the landowner the privilege of opening and closing the argument before the commissioners, pointing out that it had been the traditional practice in this state for the condemnor to open and close the argument before the commissioners. The landowners contended that they had the burden of proving damages over and beyond the nominal damages and hence should be permitted to open and close the argument, but the court said that regardless of the burden of proof, the principle remained that the condemnor had the burden of bringing the proceeding and going forward with the evidence, and that this entitled him to open and close.
The petitioners in this case, in their reply brief, state in effect that this court has heretofore recognized that the burden here present rests upon the landowner in discussing the matter of the establishment of severance damages, which admittedly is only an indivisible element of just compensation, citing this court's opinion in City of Tampa v. Texas Company, Fla.App. 1958, 107 So.2d 216, 227, wherein was said:
"Since this case must be retried, we deem it a priori that we should also state that the burden of showing damage to the remainder of a landowner's property * * * is on the landowner. * * *"
In the case of City of Tampa v. Texas Company, supra, this Court held that the burden of showing damage to the remainder of a landowner's property by reason of the taking is on the landowner citing the cases of United States v. 72.35 Acres of Land, etc., D.C.E.D.N.Y. 1957, 150 F. Supp. 271; Department of Public Works and Buildings v. Finks, 1956, 10 Ill.2d 15, 139 N.E.2d 267; Tennessee Gas Transmission Co. v. Wolfe, 1953, 159 Ohio St. 391, 112 N.E.2d 376; Braughler v. Commonwealth, 1957, 388 Pa. 573, 131 A.2d 341. See also: 4 Nichols, Eminent Domain, Sec. 14.21(2), Note 56, pg. 316, as authority for so holding.
Some of the cases we have cited in this opinion hold that the burden is on the condemnor to prove the value of the property taken and the amount of damages to the remainder of the property. We do not *144 concur with those decisions as to damages to the remainder of the property but hold as we did in the case of City of Tampa v. Texas Company, supra, that the burden is on the property owner to prove damages to the remainder of the property when said property is taken in eminent domain proceedings, though we do concur in the cases above mentioned where they hold that the burden of proving damages is on the condemnor for the property taken.
Our position is similar to the rule in Illinois that the burden of proof is on the condemnor to show the value of property sought to be taken or damaged. See Illinois Power & Light Corp. v. Talbott, 321 Ill. 538, 152 N.E. 486. However, the burden is on the owner of the land condemned to prove damage to other land not sought to be taken or described in the petition. See Illinois Power & Light Corp. v. Barnett, 338 Ill. 499, 170 N.E. 717.
See also the case of Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319, where it is held that damages to lands not taken cannot be presumed in expropriation proceedings, and compensation is limited to value of the land taken, unless the owner shows by competent evidence that the taking thereof diminished the value of the remaining land.
There are strong arguments advanced to support the theory of the petitioners to open and close but we conclude that the better view supports the opinions of those states holding to the contrary. We may be swayed to this view as the members of this court, as judges and attorneys in the past, found that traditionally the condemnor in Florida opened and closed. While some judges in Florida may have permitted the owner this privilege, we think the vast majority took the opposite view.
We, therefore, deny certiorari as to the order of the lower court permitting the condemnor to open and close.
KANNER and SHANNON, JJ., concur.