368 So.2d 631 (1979)
Harold FLATT and Chet Flatt, His Wife, Appellants,
v.
CITY OF BROOKSVILLE, a Municipal Corporation, Appellee.
No. 78-26.
District Court of Appeal of Florida, Second District.
March 14, 1979.
*632 Frank McClung, Brooksville, for appellants.
Richard G. Padgett, Brooksville, for appellee.
SCHEB, Judge.
Appellants challenge the trial court's holding that they were not entitled to recover compensation for damage to their personal property occurring as a result of a "taking" by appellee City. We reverse.
Appellants/plaintiffs instituted inverse condemnation proceedings against appellee City to recover for damage to their home and personal property.[1] Appellants alleged that a drainage system constructed by the City caused surface water to flood their land and home. The trial court determined that there had been a taking by the City, and we affirmed. City of Brooksville v. Flatt, 345 So.2d 433 (Fla. 2d DCA 1977).
A jury trial was then conducted to determine how much compensation appellants were entitled to. Appellants sought to introduce evidence of the value of their personal property destroyed by the flooding. The court declined to receive such evidence, and entered a final order holding that damage to personal property was not recoverable "under the eminent domain provision of the Florida Constitution and applicable Florida Statute."
Article X, § 6(a), Fla. Const. provides, "No private property shall be taken except for a public purpose and with full compensation therefor... ." Thus, no apparent distinction is made between real and personal property. This constitutional provision does not require enabling legislation to be effective, Jacksonville Expressway Authority v. Henry G. DuPree Co., 108 So.2d 289, 294 (Fla. 1958), so it is immaterial that there is no statute specifically authorizing recovery for loss of personal property. Only by allowing such recovery can a property owner receive his constitutional entitlement to "full compensation" for his loss.
We agree with the general principle stated in Kirkpatrick v. City of Jacksonville, 312 So.2d 487, 489 (Fla. 1st DCA 1975) where the court said:
[A]n aggrieved property owner whose real or personal property has been destroyed by unwarranted governmental action may institute a proceeding to compel the governmental body to exercise its power of eminent domain and award just compensation to the owner. (Emphasis supplied.)
Accordingly, the order of the trial court is reversed and this cause remanded for a trial on the issue of the value of appellants' personal property damaged or destroyed as a result of the City's taking.[2]
HOBSON, Acting C.J., and BOARDMAN, J., concur.
NOTES
[1] A public body is, of course, liable to the same extent in an inverse condemnation action as it would be if it were a petitioner in a direct condemnation action. State Road Department v. Lewis, 190 So.2d 598 (Fla. 1st DCA 1966).
[2] We do not have the transcript of the initial trial before us. Upon remand the trial court must exercise caution to ensure that appellants do not recover for any losses they were compensated for in the initial trial.