447 So.2d 1383 (1984)
DIVISION OF ADMINISTRATION, STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
John L. ALLEN, et al., Appellees.
No. 82-1672.
District Court of Appeal of Florida, Fifth District.
March 8, 1984.
Rehearing Denied April 5, 1984.
*1384 Alan E. DeSerio, Robert I. Scanlan, J. Jay Reilly, Oval Boone and John H. Beck, Tallahassee, for appellant.
Gerald S. Livingston, Orlando, and David W. Foerster, Jacksonville, for appellee Peterson Outdoor Advertising.
No appearance for appellee Allen.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final judgment after jury verdict in a condemnation action. The jury returned a verdict awarding $62,750 to Peterson Outdoor Advertising for two billboards and leasehold interest. The Department of Transportation (DOT), the condemning authority, appeals from that judgment and initially contends that the court erred in ruling that Peterson was entitled to a separate verdict for its interest in the property acquired.
The title owner of the property on which the billboards were located was the First National Bank and Trust Company of Riviera Beach. It filed an answer in the condemnation action requesting full compensation for the land being taken. Peterson, which leased a portion of the land, filed its answer demanding full compensation for its property interest in two sign structures which were located on the property pursuant to a lease agreement. Peterson claimed entitlement to lost profits, lost permits, loss of revenue from advertisers and infringement on the right to remain in undisturbed possession for the duration of the lease.
At the pre-trial conference, the court ruled that Peterson held a separate property interest from the fee owner and that a separate jury verdict would be entered as to each property interest. At the conference, Peterson dropped its claim for business damages.
DOT argues that while Peterson, as lessee, was an owner for purposes of entitlement to compensation, it was not entitled to a separate verdict. Section 73.081, Florida Statutes (1981), states:
Form of verdict  The verdict of the jury shall state an accurate description of each parcel of the property sought to be appropriated and the amount to be paid therefor, together with any damage to the remainder caused by the taking and including business damages when allowable by statute. When severance damages, business damages, moving costs, separate compensation for permanent improvements made by a mobile home owner under s.73.072, or other special damages are sought, the verdict shall state the amount of such damages separately from the amounts of other damages awarded.
This section had previously been amended in 1970 by chapter 70-284, Laws of Florida. The title to the revision states:

*1385 AN ACT RELATING TO EMINENT DOMAIN PROCEEDINGS: AMENDING SECTION 73.081, FLORIDA STATUTES, PROVIDING FOR SEPARATE STATEMENTS IN THE VERDICT OF CERTAIN DAMAGES: PROVIDING AN EFFECTIVE DATE.
The former statute read:
Form of verdict  The verdict of the jury shall state an accurate description of each parcel of the property sought to be appropriated; the amount to be paid therefor, together with any damage to the remainder caused by the taking, including business damages when allowable by statute. The compensation awarded by the jury for each parcel of property sought to be appropriated shall be determined as a whole, irrespective of the separate interests of the various parties or the various items of damages claimed as to each parcel.
DOT argues that although the present statute no longer specifically states that the compensation shall be determined as a "whole," it also does not contain language indicating legislative intent that separate verdicts be entered for each interest in a parcel of property.
In support of its position, DOT relies on Carter v. State Road Department, 189 So.2d 793 (Fla. 1966), wherein the supreme court held that when the jury shall try what compensation is to be made to defendants for property sought to be appropriated, it must evaluate both interests of leasehold and fee owners and render an inclusive verdict. Likewise, in City of Fort Lauderdale v. Casino Realty, Inc., 313 So.2d 649 (Fla. 1975), the court held that although Article X, § 6 of the Florida Constitution provides that no private property shall be taken except for public purpose and full compensation thereof to be paid to each owner, this did not require a separate jury verdict for the interest of each owner in a parcel of land acquired in an eminent domain proceeding. In Rich v. Harper Neon Co., 124 So.2d 750, 753 (Fla. 2d DCA 1960), the Second District considered the question of:
[W]hether in the trial of an eminent domain case a jury should apportion the damages to a tract of land between the owner of the fee and various other interested parties such as mortgagors, tenants, lienholders, etc., or should the verdict for the jury only include the damages suffered by the owner of the fee to a tract and subsequently thereafter the trial judge apportion the jury verdict between the various claimants.
The court then quoted approvingly from Porter v. Columbia County, 75 So.2d 699 (Fla. 1954):
[S]uch questions as interest in the property, ownership, liens on property, may be determined in the same action in a summary proceeding after the jury has ascertained and rendered a verdict as to the value of the property taken and damages to the remainder.
Id. at 753.
Peterson claims that Carter, Casino Realty, and Rich were correct under section 73.081 (1969), but that the 1970 amendments thereto clearly intended to eliminate the so-called "unity rule" replacing it with a rule which permitted the jury to render a verdict for each property interest being acquired.
The general rule for valuation of property subject to a leasehold interest is to ascertain the entire compensation as though the estate belongs to one person and is unencumbered. This "undivided fee rule" is more fully described in 4 Nichols on Eminent Domain, § 13.35[2] (3d Ed. 1978), which offers the following analysis:
Although the general rule regarding removable tenant fixtures is that they are not to be valued separately as personal property but are taken into account insofar as they enhance the value of the realty, it would seem that the entire interest of the lessee, i.e., the leasehold interest with its value enhanced by the *1386 sign erected on it under the terms of a lease, should be valued as a unit, if possible.
Where the sign and land are under separate ownership, Nichols states:
Since a lessee's and lessor's interests are both involved, an apportionment between the lessor and lessee is usually made after the value of the unencumbered fee.
In Wingert v. Prince, 123 So.2d 277 (Fla. 2d DCA 1960), the Second District stated that the compensation awarded by the jury shall be determined as a whole, irrespective of the various interests held in the parcel. The trial court then determines the portion to be awarded each of the owners, lessees, mortgagees, judgment creditors and lienholders in respect to the compensation awarded and the method of apportionment among interested parties, together with the disposition of any other matters arising from the taking. In Porter v. Columbia County, 75 So.2d 699 (Fla. 1954), the court discussed the policies underscoring this method:
The purpose of the eminent domain proceeding is to determine the value of the property taken and the damage to the remainder, irrespective of ownership. Such questions as interest in the property, ownership, liens on the property, may be determined in the same action in a summary proceeding after the jury has ascertained and rendered a verdict as to the value of the property taken and damages to the remainder.
Id. at 700.
The Florida rule requiring the jury to evaluate the interest of both the fee owner and the leaseholder and render an inclusive verdict is more fully outlined in Florida Eminent Domain Practice and Procedure, (CLE 3d Ed. 1978), which states:
It is mandatory that severance damages, business damages, moving costs and other special damages be itemized... . Insofar as apportionment of a leasehold interest is concerned, the law remains the same in that this is a matter to be decided by the trial court in a proceeding supplemental to the jury trial itself.
Id. at 211.
The proceeding referred to in the last sentence of the above quote is that set out in section 73.101, Florida Statute (1981), which provides:
Form of judgment  The judgment shall recite the verdict in full and shall state that the estate or interest in the property described in the petition and sought to be appropriated by the petitioner shall vest in the petitioner upon the payment of, or securing by deposit of money, the amount found by the verdict of the jury. Where there are conflicting claims to the amount awarded for any parcel, the court, upon appropriate motion, shall determine the rights of the interested parties with respect to the amount awarded for each parcel and the method of apportionment, together with the disposition of any other matters arising from the taking.
Peterson's interest (the claim for business damages having been abandoned) is not classified as special damages and therefore a separate award was not proper under section 73.081, Florida Statutes (1981). The jury verdict recites that Peterson was to receive $62,750 "for value of its property interest in the form of outdoor advertising signs affixed to the land acquired." This constituted the value of its leasehold interest for which section 73.101 provides that the judge is to determine its value in a supplemental proceeding. The revision made by chapter 70-284, while providing for a separate statement in the verdict of certain damages, is not designed to provide a separate statement for a leasehold interest. We therefore conclude that the correct method was for the jury to establish the value of the land as a unit including the value of any improvements.
The remaining questions concern the proper method of determining value in *1387 these circumstances. In this case, the signs are properly regarded as trade fixtures which in Florida are considered as personal property rather than realty. They may be removed by the tenant at the end of his term provided that removal does not substantially injure the freehold. See Wetjen v. Williamson, 196 So.2d 461 (Fla. 1st DCA 1967).
In Division of Administration, Department of Transportation v. Ely, 351 So.2d 66 (Fla. 3d DCA 1977), the court held that Southeastern Propane Gas Company, which had a service and easement agreement with the owners of a mobile home part to supply liquified petroleum gas, had established an easement by the installation of underground gas lines and other equipment for the purpose of serving the trailer park. The court found that Southeastern Propane Gas had lost its underground gas lines by the condemnation action and had to incur costs to remove any salvageable items on the condemned parcel. However, any incidental frustration of the performance of the service contract and easement agreement by the condemnation of the land serviced by the agreement was not compensable in the eminent domain proceedings. The only compensation which would be permitted would be the value of lost fixtures located on the condemned land as well as the cost of removing other trade fixtures which were salvageable from the land. Citing State Road Dept. v. Bramlett, 189 So.2d 481 (Fla. 1966), the court noted that damages to a business located on land appropriated in eminent domain proceedings do not constitute part of the constitutionally protected right of just compensation for the public taking of private land and are only compensable as provided by statute.
In the instant case, the applicable statute is section 479.24, Florida Statutes (1981), which provides in part:
Compensation for removal of signs; eminent domain; exceptions. 
(1) Compensation shall be paid upon the removal of all signs lawfully in existence on December 8, 1971 or signs lawfully erected which later become nonconforming. Compensation for any sign erected or completed after December 8, 1971 shall be limited to the actual replacement value of the materials in such sign. It is the legislative intent that any person erecting or completing such a sign after December 8, 1971 shall be fully compensated by the method herein provided.
(2) Compensation shall be made pursuant to the State's eminent domain procedures, chapters 73 and 74.
This statute was passed by the legislature for purposes of implementing 23 U.S.C. § 131 dealing with controlled outdoor advertising. This is part of the Highway Beautification Program and, as recognized in Walker v. Dept. of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979), expresses the legislative intent that signs be considered property interests for which compensation must be paid.
While DOT does not take exception to Peterson's entitlement to just compensation for the value of the signs, the parties disagree as to how the award should be calculated. Peterson contends that when, as here, the signs cannot be effectively relocated in the same market area, the cost of reproducing the signs new, less depreciation, is not the exclusive method for calculating damages. In support of this argument, Peterson cites State of Washington v. Obee Advertising, Inc., 9 Wash. App. 943, 516 P.2d 233 (1973), wherein the court held that the "income approach" of valuation was proper. This method defines the present worth of rental income from the signs as calculated using a multiplier factor.
In response, DOT states that the income approach is a veiled attempt to claim business damages. It states that the testimony offered by Peterson was designed to show income from a commercial enterprise, a portion of which was derived *1388 from this location. We agree with DOT's contention. Actually it was not income generated from the land itself, but was from the business operated on the land. The income from the signs was business damages and Peterson relinquished its claim to business damages at the pre-trial conference. The proper method of valuation of the signs was the cost of removing the signs, and if not removable, it was the replacement value less depreciation.
We REVERSE and REMAND for further proceedings consistent herewith. Peterson's motion for attorney fees is hereby granted. Determination shall be made by the trial court in accordance with section 73.131(2), Florida Statutes. See Tosohatchee Game Preserve, Inc. v. Central and Southern Florida Flood Control District, 265 So.2d 681 (Fla. 1972).
DAUKSCH and COBB, JJ., concur.