# STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION v K-MART CORPORATION, et al.

Case No. 88-4812

Ninth Judicial Circuit, Orange County

April 19, 1989

## APPEARANCES OF COUNSEL

**Dennis F. Wells, Esquire, Harold A. Lassman, Esquire,** and **Sandra E. Stephens, Esquire,** for State of Florida, Department of Transportation.

**J. Christy Wilson, III, Esquire,** Brigham, Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, for Southland Corporation (Landowner, Parcel 102).

**Linda F. Wells, Esquire, Davisson F. Dunlap, Esquire,** and **Michael S. Orfinger, Esquire,** Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., for POA Acquisition Corporation.

**H. Allan Weber, Esquire**, Sparks, Cooper & Leklem, for Wendell E. Spears (Landowner, Parcel 103).

## OPINION OF THE COURT

EMERSON R. THOMPSON, JR., Circuit Judge.

This matter was heard on 9 September 1988 to determine whether the Plaintiff was required to deposit funds for outdoor advertising signs that are on lands taken as a result of Eminent Domain proceedings. The Plaintiff, the Florida Department of Transportation, (DOT), petitioned for an Order of Taking under the quick taking procedures of Florida Statutes Chapters 73 and 74, to obtain land required for the Interstate 4 and Sand Lake Road interchange widening project. This is a federally funded project. On two of the parcels requested by the Plaintiff, Defendant Peterson has two unrelocateable outdoor advertising signs. Argument and testimony concerning their valuation was presented and the following issues were raised at the hearing: 1) whether a deposit for the billboards' fair market value is required; 2) whether the state court is the correct forum for these proceedings; 3) whether state or federal law controls; 4) whether billboards are real estate structures and improvements or trade fixtures; and 5) whether the billboards' fair market value will be determined by state or federal methods. Plaintiff's petition for refund of the "good faith estimate of value" deposit is DENIED.

1. This case involves the interpretation of valuation of billboards in conjunction with eminent domain proceedings. The attorneys have adequately informed the Court of cases from Florida and other jurisdictions that have dealt with similar issues, and for that the Court is grateful.

2. The Plaintiff is required to deposit funds for the "good faith estimate of value" for signs, and this deposit is not to be returned.

3. In order to obtain federal funding for projects, the State must comply with the provisions of the Federal Uniform Relocation Assistance and Real Property Acquisition Act, 42 U.S.C. Section 4601, *et seq.* ("The Federal Uniform Act"). Florida is a recipient of federal funds for this project. Compliance with the Federal Uniform Act is required for state projects receiving federal financial assistance to the greatest extent possible under state law. Thus, unless the state law expressly prohibits full compliance with the Federal Uniform Act, the federal requirements must be followed.

4. After reviewing §§ 421.55, 479.24, Fla. Stat. (1987), the Court has determined there are no prohibitions against compliance. Therefore,

108

Plaintiff must comply with the Federal Uniform Act as it agreed to in the assurances of compliance given to the federal government.

5. The Plaintiff argues that the findings of *Ackerly Communications of Florida, Inc. v Kaye Henderson, Secretary of Transportation, State of Florida,* Case No. 87-6515-CIV-KEHOE, United States District Court, Southern District, Fla., August 2, 1988 do not apply to state Eminent Domain proceedings, because *Ackerly, supra,* was heard in Federal court, and this proceeding was heard in state court. A state court may enforce a federal statute or hear an action based on a federal statute, unless Congress has given the federal courts exclusive jurisdiction. *Brown v Dean Witter Reynolds, Inc.,* 601 F.Supp. 641 (S.D. Fla. 1985) (rev'd on other grounds at 804 F.2d. 129). But, state courts are required to follow the federal courts' interpretation of Federal statutes. "In the absence of an express directive, the state courts have jurisdiction over federal-question cases concurrently with the federal courts." *Central National Bank of Miami v Central Bancorp, Inc.,* 411 So.2d 358, 360 (Fla. 3d DCA 1982). The Federal Uniform Act does not denote exclusive intent, and thus does not limit the forum in which this issue may be heard.

6. The Plaintiff questions the applicability of *Ackerly, supra,* and maintains that the *Division of Administration, State of Florida, Department of Transportation v Allen,* 447 So.2d 1383 (Fla. 5th DCA 1984) (hereinafter referred to as *"DOT v Allen"*) controls in state Eminent Domain proceedings. This Court finds that *Ackerly, supra,* does control in state Eminent Domain proceedings because *DOT v Allen, supra,* was predicated upon § 479.24, Fla. Stat. (1983). That statute set a limit on compensation paid for any sign taken as a result of Eminent Domain proceedings. This statute, however, was modified in 1984 and no longer contains a provision limiting the amount of compensation to the actual replacement value of the materials comprising the sign.

7. In agreement with *Ackerly, supra,* this Court finds that the Florida legislature placed no restrictions on Florida's compliance with the Federal Uniform Act for state projects receiving federal financial assistance. In accordance with the Act, it is mandated that an agency that acquires real property must also acquire an equal interest in any building, structure, or improvement on the property which will be required to be removed or which will be adversely affected by the use of the property. The state agency acquiring the property must comply with the Act to the greatest extent possible under state law. *Ackerly, supra.* Additionally, the Florida Constitution provides that full compensation must be provided for private property taken for public

109

purpose, entitling a property owner to full compensation for loss. Consequently, "no apparent distinction is made between real and personal property." *Flatt v City of Brooksville*, 368 So.2d 631 (Fla. 2d DCA 1979).

8. A billboard is one of the structures covered under the Act and just compensation must be paid. Compensation is determined by using the greater fair market value based on either the structure or what the structure contributes to the value of the property. Hence, a billboard is to be treated as part of the real property and not personalty (i.e. trade fixtures) when determining fair market value. *Ackerly, supra.*

9. Florida DOT's exclusive valuation methods utilized in this case are for personal property or trade fixtures and are based on costs of reproduction less depreciation, or the costs of removal, if the structures are removable. *Malone v Division of Administration, State of Florida Department of Transportation*, 438 So.2d 857 (Fla. 3d DCA 1983). Rather than using these methods the Federal Uniform Act suggests two acceptable methods: the contributive value of the improvement to the current use of the entirety of the property; or the value of the improvement for removal. The Court must use the method which provides the greatest amount to the tenant who has paid for the improvement, structure, or building, *Ackerly, supra.*

10. The Court has also stated that fair market value of billboards can be determined by using information relating to market sales data, comparable sales, and any other relevant and reliable approaches to fair market value consistent with accepted professional appraisal practices. *Ackerly, supra.* Fair market value is also defined as the amount a willing buyer would pay a willing seller for a piece of property. *State Road Department v Stack*, 231 So.2d 859 (Fla. 1st DCA 1969). As presented to the Court, in this case, the fair market value of these specific billboards is computed at four times the annual billings, or a total of $299,940.00, which takes into account the type of billboard structure and location.

Therefore, it is CONSIDERED, ORDERED AND ADJUDGED that the Plaintiff's request for a return of the "good faith estimate of value" deposit be *DENIED.*

DONE AND ORDERED this 19th day of April, 1989, in Orlando, Orange County, Florida.