WARNER, J.
Sunshine Properties appeals the trial court’s order interpreting Sunshine’s condemnation settlement with the Department of Transportation as requiring it to apportion part of the agreed settlement amount to compensate its lessees for their trade fixtures. We hold that the agreement between only Sunshine and DOT, and not the lessees, included only Sunshine’s condemnation damages. Even though the settlement was “subject to apportionment, if any,” it did not constitute a settlement of the lessees’ damages through payment to Sunshine.
DOT filed an eminent domain action against Sunshine in which it requested that two parcels of property be condemned in order to allow construction of a state transportation facility. It also, named in the suit, .among others, the holder of a mortgage on the property and Awesome Enterprises and Mirábales Tile, lessees of the property. Sunshine and both lessees answered the complaint, and each-claimed damages — Sunshine for the land and buildings, together with remainder damages and costs to cure, and the lessees for their business damages and improvements on the condemned property. Counsel for Sunshine also represented Mirábales Tile. Other counsel represented Awesome.
Rather than going to trial, DOT and Sunshine agreed to settle Sunshine’s claims in mediation. No other parties attended the mediation. The parties agreed in pertinent part:
Petitioner will pay to Defendant(s), Sunshine Properties, L.L.C., the sum of $1,920,000 in full settlement of all claims for compensation from Petitioner whatsoever, including statutory interest, but excluding attorney’s fees, experts [sic] fees, and costs. Said sum will be subject to claims for apportionment, if any.
An addendum to the agreement stated that the compensation to Sunshine was to “be allocated as follows: $1,082,880.00 for land and buildings taken and $837,120.00 for remainder damages and cost to cure”.
The trial court entered a stipulated order of taking, providing that DOT was to deposit the settlement amount and permitting Sunshine to withdraw the funds deposited. Sunshine withdrew all of the funds deposited without objection by any party.
*716 In the meantime, litigation proceeded between DOT, Awesome, and Mirábales. In a joint pre-trial stipulation, one of the disputed issues of fact listed was Awesome’s claim for trade fixtures on the property. Mirábales settled its business damage claim with DOT. Just prior to the trial with Awesome, DOT filed a motion in limine to preclude evidence of loss of trade fixtures, claiming that this was properly sought from the Sunshine settlement amount. It does not appear that a written ruling was secured on this motion. In a jury trial, Awesome Enterprises was awarded $1,135,000 as full payment for its business damages. No mention in the final judgment was made of a claim for fixtures. Awesome Enterprises then filed a motion to determine apportionment rights in which it requested the court determine whether DOT or Sunshine was responsible to compensate it for immovable trade fixtures and leasehold improvements that were acquired by DOT in the taking. Sunshine filed a motion asking the court to find DOT responsible for compensating Awesome Enterprises and Mira-bales Tile for trade fixtures. Sunshine argued that the tenants’ compensation for trade fixtures was not part of the mediated settlement because the tenants were not parties to the mediation. The amount of the settlement was solely paid to Sunshine for its damages. The court ruled that Sunshine was responsible for the trade fixture and leasehold improvement claims because the settlement agreement stated that the sum was “subject to claims for apportionment, if any.” Sunshine appeals this order as it terminates DOT’S obligations in the case.
Mirabales’s lease with Sunshine contains the following clause regarding eminent domain:
Eminent Domain. If the premises or any part thereof or any estate therein, or any other part of the building materially affecting Lessee’s use of the premises, shall be taken, by eminent domain, this lease shall terminate on the date when the title vests pursuant to such taking. The rent, and any additional rent, shall be apportioned as of the termination date, and any rent paid for any period beyond that date shall be repaid to Lessee. Lessee shall not be entitled to any' part of the award for such taking or any payment in lieu thereof, but Lessee may file a claim for any taking of fixtures and improvements owned by Lessee, and for moving expenses.
Awesome’s lease contains a different provision. It states:
If the whole or any substantial part of the premises shall be condemned by eminent domain for any public or quasi-public purpose, Tenant shall have the option of terminating the lease if it no longer remains viable for use as a business premises. Landlord shall be entitled to the portion of the condemnation award for the loss of land, severance damages or loss of improvements. Tenant shall be entitled to any condemnation award for business damages, loss of fixtures, (moveable or immovable) and relocation or other similar benefits paid for the loss or relocation of the business. If less than a substantial part of the premises is condemned, the Lease shall not automatically terminate, but rent shall abate in proportion to the portion of the premises condemned. In the event of a partial taking, the Landlord and Tenant shall be entitled to those portions of the condemnation award expressed above.
Neither lease gives the tenant the right to collect its damages from the land owner when the land subject to the lease is condemned. Mirabales’s lease specifically excludes any right to a portion of Sunshine’s *717 taking award, although it recognizes Mira-bales’s right to make its own claim for damages. Awesome’s lease permits the tenant to obtain business damages, loss of fixtures, and relocation expenses, while the landlord is entitled to the award for loss of land, severance, and improvements. Because Sunshine’s settlement was allocated only to land and severance damages, it did not .contain an “award” of any damages to which Awesome might be entitled under the lease. Thus, even though Sunshine’s award was “subject to apportionment, if any,” in this case, under the language of the lease clauses there may be no amount to apportion to the tenants. As argued by Sunshine, the lessees were not parties to the mediation or settlement agreement. Sunshine did not represent their interests and could not settle their claims for them. See e.g., Woodfield Plaza, Ltd. v. Stiles Const. Co., 687 So.2d 856, 857 (Fla. 4th DCA 1997) (noting that parties to settlement agreement must mutually agree to its terms).
DOT contends that compensation for trade fixtures was included in the agreement because “[t]he general rule for valuation of property subject to a leasehold interest is to ascertain the entire compensation as though the estate belongs to one person and is unencumbered.” Dep’t of Transp. v. Allen, 447 So.2d 1383, 1385 (Fla. 5th DCA 1984). In Allen, the court quoted from 4 Nichols on Eminent Domain § 13.35[2] (3d Ed.1978),
Although the general rule regarding removable tenant fixtures is that they are not to be valued separately as personal property but are taken into account insofar as they enhance the value of the realty, it would seem. that the entire interest of the lessee, i.e., the leasehold interest with its value enhanced by the sign erected on it under the terms of a lease, should be valued as a unit, if possible.
Where the sign and land are under separate ownership, Nichols states: Since a lessee’s and lessor’s interests are both involved, an apportionment between the lessor and lessee is usually made after the value of the unencumbered fee.
Id. at 1385-86.
The Allen court considered whether the jury should separately value the leasehold interest in a condemnation proceeding. It held that it was proper to require the jury to “establish the value of the land as a unit including the value of any improvements.” Id. at 1386.
From Allen’s holding, the DOT argues that its settlement with Sunshine, being subject to apportionment, included the value of trade fixtures because a jury would be required to value the land as a unit, including fixtures. However, the settlement was not made by a jury in a trial where all parties claiming compensation could present evidence of the value of their interest. As noted before, the lessees were not parties to the settlement agreement, and no mention of trade fixtures appears in the settlement. Therefore, the lessees had no opportunity to advocate for the value of their interest.
The agreement constituted a settlement between DOT and Sunshine and compensated Sunshine for “land and buildings taken” and “remainder damages and costs to cure”. The language does not lend itself to include trade fixtures, which might be considered “improvements” but cannot be considered “land” or “buildings.” The language subjecting the award to apportionment also has other meanings to Sunshine because Sunshine’s interest in the property was subject to a mortgage. Therefore, Sunshine may have an. obligation pursuant to the mortgage instrument to apportion its award toward paying the mortgage debt. See Hatch v. Minot, *718 369 So.2d 974 (Fla. 2d DCA 1979) (finding that under the terms of the mortgage instrument, mortgagee was entitled to apportionment of award made in eminent domain proceedings). The agreement does not clearly provide compensation to parties who did not attend the mediation. Had DOT sought to foreclose their interest in fixtures and equipment on the property, then it should have insisted that these represented parties also attend the mediation and agree on the settlement.
The order determining that Sunshine, and not DOT, is responsible for compensation of Awesome and Mirabales’s interest in their trade fixtures taken in the eminent domain proceeding is reversed and remanded for entry of an order determining that DOT, and not Sunshine, is required to compensate the lessees for any properly pled damages to trade fixtures.
POLEN and HAZOURI, JJ., concur.