980 So.2d 564 (2008)
Claudia ZAMORA, f/k/a Claudia Orozco, Appellant,
v.
Miguel OROZCO, Appellee.
No. 5D07-1247.
District Court of Appeal of Florida, Fifth District.
April 25, 2008.
*565 Dennis A. Chen, of Chenlaw, PA, Orlando, for Appellant.
Robert F. Hoogland, of Robert F. Hoogland, P.A., Altamonte Springs, for Appellee.
MONACO, J.
The appellant, Claudia Zamora, f/k/a Claudia Orozco, appeals a final order implementing an order of partition regarding certain real property jointly owned by Ms. Zamora, and her brother, the appellee, Miguel Orozco. The final order for which review is sought first requires the parties to obtain a fair market value appraisal of the property in its "as-is" condition. After the appraisal figure is established, Mr. Orozco is to obtain financing for and buy the property within sixty days. Neither side appears to object to this part of the resolution of their dispute. The rub arises out of certain credits that Mr. Orozco is to receive toward the purchase price. Because we conclude that the allowance of these credits was improper, we affirm except to the extent that the order grants Mr. Orozco the controverted credits.
In 1989, Ms. Zamora and her sister, Ana Maria, purchased as tenants-in-common the real estate that is the subject of the litigation. Mr. Orozco, their brother, moved into the house in 1999, and from then paid all of the expenses for the upkeep and maintenance of the house. Ana Maria transferred her interest to Mr. Orozco in August, 2004. A year later Mr. Orozco initiated a lawsuit to partition the property and asked for 100% of the equity. Ms. Zamora filed a counter-petition for partition, and the lower court eventually rendered an order granting partition. The court then set about to determine the mechanics of the property division.
At the evidentiary hearing held for that purpose Mr. Orozco testified that prior to actually acquiring Ana Maria's interest in the property, he made certain improvements to it that cost him about $18,670. Some of these items appear to be permanently emplaced fixtures, and some appear to be personal property. To the extent that they were fixtures, there was no evidence introduced indicating that he had the consent of the owners to make these improvements, nor was there evidence that the owners had agreed to give him any credit for his expenditures. Nevertheless, the Order on Evidentiary Hearing granted Mr. Orozco credits for each of these items toward the purchase price of the real property.
Generally, unless otherwise agreed by the owner, permanent improvements made by a tenant to leased property become the property of the landlord. See Wetjen v. Williamson, 196 So.2d 461 (Fla. 1st DCA 1967); see also First Fed. Sav. & Loan Ass'n of Okaloosa County v. Stovall, 289 So.2d 32 (Fla. 1st DCA 1974); cf., Div. of Admin., State of Fla., Dep't of Transp. v. Allen, 447 So.2d 1383, 1387 (Fla. 5th DCA 1984). As there was no evidence that the owners had consented to the making of the permanent improvements, or had agreed to give Mr. Orozco credit for *566 them, or were responsible for making them at all, he is not entitled to a credit toward his required payment for that part of the partitioned property owned by Ms. Zamora. Finally, to the extent that these improvements were not permanent fixtures, they were and remain the personal property of Mr. Orozco, and he is not entitled to be compensated for them. By the same token, because they are simply his personal items, they should not be included in the appraised value of the real property to be partitioned. The trial court, therefore, erred in granting him the credits for these items.
Accordingly, we affirm the final order in all respects except to the extent that it gives Mr. Orozco a credit for the improvements to the real property made by him while he was a tenant. In all other respects the final order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
PLEUS and COHEN, JJ., concur.