CARROLL, DONALD K., Acting Chief Judge.
The petitioner in eminent domain proceedings has appealed from two orders entered by the Circuit Court for Walton County denying the petitioner’s motions for a new trial, following the entry of a final judgment for two of the defendants, based upon a jury verdict.
The principal question presented for our determination in this appeal is, as phrased by the appellant in its brief, whether the trial court erred in permitting the said landowners “to introduce evidence as to a per unit value for fill material located on land taken and not at the time used for a borrow pit, without introducing evidence as to a reasonable probable future use as a borrow pit aside from the need by the con-demnor.”
We hold herein that the trial court did not so err, upon the authority of our recent decision in State Road Department v. Stack, 231 So.2d 859 (Fla.App.1969). In that case the following question was certified to this court pursuant to Rule 4.6, Florida Appellate Rules, 32 F.S.A.:
“Where property taken for a roadway dirt borrow pit had as its highest and best use prior to the taking that of rural home sites, may evidence be admitted as to value of the property on a per cubic yard basis for dirt borrow where the value as dirt borrow has been created by the taking ?”
We answered this question in the affirmative, with certain limitations stated in the opinion but not pertinent here. In the course of our opinion we said:
“In view of the fact that the land taken is good for fill dirt, whereas all lands are not, and in view of the fact that there are other borrow pits on this land in close proximity to the land in question, it is our opinion, and we so hold, that these are factors which a jury could take into consideration in arriving at fair market value within the meaning of the Constitution and statutes, and therefore, the proffered evidence should have been admitted, not as controlling or as the measure of value, but as a factor, affecting the market value.”
The second question presented for our determination in this appeal is whether the trial court erred in permitting one of the appellees to adduce evidence as to the petitioner’s good faith estimate and declaration of taking in a trial in condemnation.
During the trial one Ernest Schulter, an expert appraiser for the petitioner, testified that the highest and best use of Parcel 902, one of two parcels involved in this appeal, was that as timberland, having a value of $110 per acre for a total amount of $402.60, while the landowner’s appraiser testified that the highest and best use of the property was as a borrow pit and had a total value of $4,400 based on 55,000 cubic yards at eight cents per cubic yard. He further testified that the pit was located 400 feet from an interstate highway.
During the cross-examination of the petitioner’s expert appraiser, Schulter, he was asked whether he knew where the petitioner got the original estimate of $200, and he replied that he did not know. The trial court overruled the petitioner’s objection *421 to this question. The petitioner argues that the said ruling is inconsistent with Section 74.081, Florida Statutes, F.S.A., which reads: “Neither the declaration of taking, nor the amount of the deposit, shall be admissible in evidence in any action.”
Assuming that the said ruling is inconsistent with Section 74.081, that ruling does not constitute reversible error by virtue of another statute — Section 59.041 Florida Statutes, F.S.A., which reads:
“No judgment shall be set aside or reversed or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.”
In the cross-examination referred to above, the landowner’s attorney did not follow up this line of questioning or make any further reference to the estimate which was the basis of the declaration. In addition, the verdict returned by the jury indicates that the members thereof were not influenced by the reference in the said cross-examination to the said estimate and the figure of $200.00. We think, therefore, that the petitioner-appellant has failed to carry its burden of demonstrating that the trial court committed reversible error under the above-quoted Section 59.-041.33.
For the foregoing reasons, the orders appealed from herein must be and they are
Affirmed.
SPECTOR, J., concurs.
WIGGINTON, J., concurs specially.