Mr. Tom Morton County Attorney Santa Rosa County Post Office Box 781 Milton, Florida 32570
Dear Mr. Morton:
This is in response to your request for an opinion as to the proper disposal of dirt which the Santa Rosa County Road Department has dug out of drainage ditches and other county projects.
Dirt is defined by Black's Law Dictionary (Rev. 4th ed. 1968) at page 548 as: `Filth or excrement; garden loam; earth or soil, especially when loose; dust; garden earth.' Thus, the word has broad and varied meanings depending upon the circumstances and its particular meaning must be determined from the context in which it is used. Your letter indicates the dirt that Santa Rosa County is interested in disposing of is soil or sand that has been dug out of drainage ditches and other county projects, or in definitional terms, soil which has been loosened from the earth. Thus, you are using the term in the sense set forth at 26A C.J.S. at 959 (1956) which states that dirt in its secondary sense `means dust, loose soil and garden earth; loose earth as distinquished from firm rock, and has been held to include `sand'.' Once dirt had been removed or severed from the ground if becomes tangible, personal property, see 73 C.J.S. Property s 11 (1951), and subject to the laws governing the disposal of all other property owned by the county. Upon severance from the earth, such dirt may well have a commercial value as fill dirt or for use as filling to raise the elevation of land or a roadway, or for use in connection with sanitary landfills. See 36A C.J.S. Fill and Filling at 404, 405; State Road Department v. Stack 231 So.2d 859 (1 D.C.A. Fla., 1969) (with reference to the value of property taken on a cubic yard basis for dirt borrow and the per cubic yard value of dirt sold to contractors for fill).
Chapter 274, F.S., governs the disposal of tangible personal property owned by the county. Subsection (1) of s 274.01, F.S., defines `governmental unit' to mean `the governing board, commission or authority of a county or taxing district of the state or the sheriff of the county.' Subsection (3) of s 274.01, F.S., defines `property' as `all tangible personal property, owned by a governmental unit, of a nonconsumable nature.' Tangible property is that which may be felt or touched, such as may be seen, weighed, measured and estimated by the physical senses. See
73 C.J.S. Property s 5 (1951); Black's Law Dictionary 1627 (Rev. 4th ed. 1968). Section 274.05, F.S., authorizes a `governmental unit' to classify as surplus any of its property which is not otherwise lawfully disposed of, that is obsolete or the continued use of which is uneconomical or inefficient, or which serves no useful function,' and goes on to provide:
 Within the reasonable exercise of its discretion and having consideration for the best interests of the county or district, the value and condition of property classified as surplus, and the probability of such property's being desired by the prospective bidder to whom offered, the governmental unit first shall offer surplus property to other governmental units in the county or district; and, second, if no acceptable bid is received within a reasonable time, shall offer such property to such other governmental units as shall be determined by the governmental units on the basis of the foregoing criteria. Such offer shall disclose the value and condition of the property. The best bid shall be accepted by the governmental unit offering such surplus property. The cost of transferring the property shall be paid by the governmental unit that made the successful bid.
Section 274.06, F.S., permits as an alternative to this procedure that the property `may be disposed of for value to any person, or may be disposed of for value without bids to the state, to any governmental unit, or to any political subdivision as defined in s. 1.01, or if the property is without commercial value it may be donated, destroyed, or abandoned.' This section goes on to provide requirements for the bids and notice based on the value of the property which is to be disposed.
Further, the county is given specific authority by s 125.35, F.S., `to sell and convey any property, real or personal, and to lease real property, belonging to the county, whenever the board determines that it is to the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be the highest and best . . . .' This statute authorizes counties to sell real and personal property not needed for county purposes whenever the board of county commissioners determines that it is in the best interest of the county to do so. This office has construed a similar provision of former s 125.35, F.S. (1951), in AGO 051-396, November 2, 1951, Biennial Report of the Attorney General, 1951-1952, p. 230. That opinion concluded that, while as a matter of public policy and good business the county should advertise for bids for the sale of personal property, there was no statutory requirement for the board of county commissioners to do so.
Thus, the answer to your question is that the county is authorized to dispose of dirt which has been dug out of drainage and other county projects. If the dirt has commercial value as fill dirt it should be sold to the highest and best bidder; alternatively, the county may, pursuant to s 274.05, F.S., classify the dirt as surplus and offer it to other governmental units with the cost of transferring such surplus property to be borne by the governmental transferee. Finally, if the dirt has no commercial value and is not wanted by other governmental units, it is my opinion that it could be offered to members of the public for free; however, I would caution, in the event the dirt has no commercial value and is offered to the public, that no additional costs be incurred in delivering or transferring it to private persons or corporations since to do so could be a violation of Article VII, s 10, State Constitution. Section 10 prohibits counties from using their taxing power or credit to aid private persons or corporations. Seegenerally State v. Chadbourne, 382 So.2d 293 (Fla. 1980); State v. City of Miami, 379 So.2d 651 (Fla. 1980); O'Neill v. Burns,198 So.2d 1 (Fla. 1967). Thus, if the county determines that the dirt removed from drainage ditches and other county lands or projects has no commercial value, it could be offered to the public provided county funds are not expended in disposing of or transferring the dirt which would primarily benefit individual members of the public rather than the public in general.
In conclusion, it is therefore my opinion that, unless judicially determined to the contrary, a county which desires to dispose of dirt removed from county maintained drainage ditches or other county lands or projects if the dirt has commercial value as fill dirt must comply with the provisions of Chapter 274, F.S., or s125.35, F.S., if, however, the dirt has no commercial value, it can properly be offered to individual members of the public for free as long as county funds are not expended in disposing of or transferring such dirt which would primarily benefit private individuals or corporations.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General