Mr. Jonathan Walker Attorney, Walton County Walton County Courthouse Annex Post Office Box 689 DeFuniak Springs, Florida 32435
Dear Mr. Walker:
On behalf of the Walton County Board of County Commissioners, you ask substantially the following question:
May the Walton County Board of County Commissioners provide free dirt to the Walton County District School Board for use in the school district's soccer field, and if so, how must such a transaction be accomplished?
In sum:
If the board of county commissioners makes the requisite findings that the use of the dirt for the soccer field serves a dual county and school purpose, it may transport the dirt to the school district for such purpose, subject to whatever conditions it deems appropriate to ensure that the county purpose is accomplished.
In Attorney General Opinion 82-18, this office considered whether a county could dispose of soil or sand that had been dug out of drainage ditches and other county projects. Recognizing that the term "dirt" may have varied meaning depending upon the circumstances and the context in which the term is used, this office concluded that the term as used by the county referred to "dust, loose soil and garden earth; loose earth as distinguished from firm rock, and has been held to include `sand.'"[1]
Once dirt has been removed or severed from the ground, it becomes tangible, personal property[2] and subject to the laws governing the disposal of all other property owned by the county. As this office recognized in Attorney General Opinion 82-18, once severed from the earth, dirt may well have a commercial value as fill dirt or for use as filling to raise the elevation of land or a roadway, or for use in connection with sanitary landfills.[3]
Section 125.01, Florida Statutes, gives counties the power to enact ordinances in order to carry on county government "[t]o the extent not inconsistent with general or special law[.]"[4]
Moreover, counties are authorized to "expend money" for county purposes.[5]
The courts of this state and this office have recognized that county funds may be expended for projects that serve a dual governmental purpose.[6] For example, in Attorney General Opinion 89-84, this office stated that a county, after determining that a county purpose would be served, was authorized to financially assist the special district created to provide countywide ambulance service. In Attorney General Opinion 90-78 it was concluded that a county could propose a millage increase above the 10 mill cap to fund capital outlays by the local community college, if it is determined that such an expenditure furthers a county purpose. The determination, however, of whether an expenditure serves a county purpose, albeit a dual purpose, must be made by the governing body of the county.[7]
Section 125.01(1)(f), Florida Statutes, authorizes the county to provide "parks, . . . playgrounds, recreational areas, . . . and other recreation . . . facilities and programs." Accordingly, if the county determines that the use of county dirt for the soccer field serves a county purpose as well as a school purpose, it may provide the dirt for such purpose, subject to whatever conditions it deems appropriate to ensure that the county purpose is accomplished. Under such conditions, the county may transport the dirt to the school district.
Accordingly, I am of the opinion that the board of county commissioners, if it makes the requisite findings that the use of the dirt for the soccer field serves a dual county and school purpose, may transport the dirt to the school district for such purpose, subject to whatever conditions it deems appropriate to ensure that the county purpose is accomplished.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, 26A C.J.S. at 959 (1956). And see, Black's Law Dictionary Dirt p. 548 (rev. 4th ed. 1968) (Filth or excrement; garden loam; earth or soil, especially when loose; dust; garden earth).
[2] See, 73 C.J.S. Property s. 16 (1983).
[3] And see, 36A C.J.S. Fill and Filling pp. 404, 405; StateRoad Department v. Stack, 231 So.2d 859 (Fla. 1st DCA 1969) (value of property on per cubic yard basis for dirt borrow).
[4] See also, s. 1(f), Art. VIII, Fla. Const., stating in part that "[c]ounties not operating under county charter shall have such power of self-government as is provided by general or special law."
[5] Section 125.01(1)(r), Fla. Stat.
[6] And see, Op. Att'y Gen. Fla. 94-22 (1994) (county may loan funds to municipal services benefit unit upon finding that projects serve a county purpose or a dual county and special district purpose); Amos v. Mathews, 126 So. 308 (Fla. 1930) (state money may be appropriated to assist the counties with reference to the construction and maintenance of roads and bridges when such roads and bridges serve a dual state and county purpose).
[7] See, Op. Att'y Gen. Fla. 94-22 (1994); 89-84 (1989) (county must make appropriate legislative determinations as to the purpose of a project and the benefits accruing to the county).